RICHARDSON, Treasurer of Porto Rico, v. FAJARDO SUGAR CO.
(two cases).

(Circuit Court of Appeals, First Circuit.   November 8, 1916.)

Nos. 1164, 1165.

1. Courts ☞405(3)—Grounds of Review—Presentation in Lower Court.
   The decision of the Porto Rico Supreme Court as to a matter of local law will not be disturbed by the federal Circuit Court of Appeals for the First Circuit, unless clearly erroneous.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097, 1099; Dec. Dig. ☞405(3).]

2. Appeal and Error ☞173(2)—Review—Assignments of Error.
   In an action to recover taxes paid on the theory that they were assessed in violation of Pol. Code Porto Rico, § 290, exempting certain property, the contention that the property assessed was not of the kind exempted cannot for the first time be raised in the appellate court by assignment of errors.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1120; Dec. Dig. ☞173(2).]

In Error to and Appeal from the Supreme Court of Porto Rico.

Action by the Fajardo Sugar Company against Allan H. Richardson, Treasurer of Porto Rico. A judgment for plaintiff was affirmed by the Supreme Court of Porto Rico, and defendant brings error and appeals. Judgment affirmed, and appeal dismissed.

Samuel T. Ansell, of Washington, D. C. (Howard L. Kern, Atty. Gen., of Porto Rico, on the brief), for plaintiff in error and appellant Richardson.

Joseph W. Murphy, of New York City (Lorenzo D. Armstrong, of New York City, on the brief), for defendant in error and appellee.

Before PUTNAM and DODGE, Circuit Judges, and BROWN, District Judge.

BROWN, District Judge. The writ of error brought by the treasurer of Porto Rico, in case No. 1164, seeks to review the judgment of the Supreme Court of Porto Rico in a case relating to the assessment of taxes under the local laws, to the exemption from taxation in sec-

tion 290 of the Political Code of Porto Rico of book credits, promissory notes, and other personal credits, and to the application of such exemption to certain items contained in the schedules of the Fajardo Sugar Company's assets.

[1] Both the District Court and the Supreme Court of Porto Rico upon appeal gave due consideration to the questions of law, and agreed in the conclusion that, upon a proper construction of the provisions of the Code, the disputed items or "credits" were not taxable.

We find no reason for disagreeing with the judgments of the local courts as to the local law, and have no doubt that their construction of the provisions of the Code is correct.

The plaintiff in error has failed to produce that "conviction on our part of clear error committed," which, according to the opinion in Cardona v. Quinones, 240 U. S. 83, 88, 36 Sup. Ct. 346, 60 L. Ed. 538, is necessary in order to disturb the action of the court below as to questions of local law.

[2] It is also urged that the judgment of the District Court is entirely unsupported by fact, and that the courts of Porto Rico merely assumed that the credits in question were included in the tax, and that in the agreed statement of facts there is no basis for an inference that the assessment made by the board of review and equalization under section 310 of the Code included the credits in controversy.

We find in the record of the District Court nothing to indicate that the point was argued in the trial in the District Court.

These credits were assessed by the treasurer. The assessment was protested, and an appeal specifying this assessment was taken to the board of review and equalization. In view of the provisions of section 310 of the Code as to the procedure upon appeal, and of the stipulation as to the action of the board, it is apparent that the appeal did not result in a correction of this error.

It is an agreed fact that the board made but one deduction from the total capitalization, to wit, $606,919, representing capital employed in New York.

Upon an examination of the entire record of the courts below, we are of the opinion that the question now raised as to the effect of the stipulation is an afterthought, and is a question not presented to the District Court or to the Supreme Court of Porto Rico.

Passing the objection that there is no proper assignment of error as a basis of the contention, the rule stated in Missouri Pac. R. Co. v. Fitzgerald, 160 U. S. 556, 575, 16 Sup. Ct. 389, 40 L. Ed. 536, would be applicable, even if error were properly assigned:

"An assignment of errors cannot be availed of to import questions into a cause which the record does not show were raised and passed on in the court below."

In No. 1164: The judgment is affirmed.

In No. 1165: The appeal is dismissed, without costs.