PORTO RICAN & AMERICAN INSURANCE Co., demandante y apelante, *v.* JUAN G. GALLARDO, COMO TESORERO DE PUERTO RICO, demandado y apelado.

No. 3789.—*Visto:* Febrero 7, 1927. *Resuelto:* Julio 7, 1927.

1. CONTRIBUCIONES—RESPONSABILIDAD DE PERSONAS Y PROPIEDADES—EXENCIONES —BIENES DE CORPORACIONES—ACCIONES DE OTRAS CORPORACIONES.—En ausencia de demostración al efecto de que unas acciones de corporaciones estén exentas de contribución en una u otra de las formas prescritas por el artículo 291 (*d*) del Código Político, las mismas no están exentas del pago de contribución.

2. CONTRIBUCIONES—RESPONSABILIDAD DE PERSONAS Y PROPIEDADES—EXENCIONES —BIENES DE CORPORACIONES—CRÉDITOS HIPOTECARIOS.—En ausencia de demostración al efecto de que unos créditos hipotecarios caen bajo alguna de las clases a que se refiere el artículo 291 (*m*) del Código Político, el importe de los mismos no está exento del pago de contribución.

MOCIÓN sobre reconsideración de sentencia presentada por el apelado. *Modificada* la de julio 29, 1926.

*Hon. Attorney General George C. Butte, Carlos Llauger* y *J. A. López Acosta, primero* y *segundo Attorney General Auxiliar,* respectivamente, abogados del apelado; *J. J. Ortiz Alibrán,* abogado de la apelante.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este era un pleito sobre devolución de contribuciones pagadas bajo protesta en el que las cuestiones principales

fueron resueltas a favor de la contribuyente (35 D.P.R. 917). El tesorero basó su tasación en $60,000 de capital en acciones y $6,190 de ganancias no divididas, que hacen un total de $66,190. La demandante presentó una planilla que demostraba que el valor total de su propiedad ascendía a $139,245.57. Admitió que debía pagar contribución sobre $6,448.66 de efectivo en caja, pero en el octavo párrafo de la demanda negaba tener que pagar contribución alguna sobre $59,741.34, o sea por la diferencia entre la cantidad tasada y la admitida, en vista de que dicha diferencia se componía de bonos de la libertad, acciones de corporaciones sujetas a contribución, créditos hipotecarios y otros valores y notas exentos de contribución. Si bien en la contestación se negaba generalmente el párrafo octavo de la demanda, la parte principal de la contestación a este párrafo se basaba en la teoría general bajo la cual el tesorero tasó a la demandante, cuestión que esta corte le resolvió en contra. Teniendo dudas respecto a si la demandante realmente había probado todas sus exenciones ordenamos la celebración de una nueva vista.

El gobierno sostenía que la tasación hecha por el tesorero no demuestra que se impusiera contribución sobre parte alguna de la propiedad exenta. Esta es una forma indirecta de levantar la misma cuestión que fué resuelta por nuestra opinión principal. El efecto de nuestra opinión es que la contribución debe imponerse sobre bienes muebles existentes de hecho, y no basarse en presunciones del tesorero de la existencia de valores sujetos a contribución.

El valor total de la propiedad de la demandante ascendía a $139,245.57. Los noventa mil quinientos treinta y siete dólares veinte y seis centavos en bonos de la libertad claramente estaban exentos de contribución, peró la demandante no nos convence de que ninguna de las otras partidas estuvieran igualmente exentas.

[1] Convenimos con el gobierno en que no se demostró que los $11,850 en acciones de corporaciones estuvieran

exentos de contribución. El artículo 291 (d) del Código
Político exime de contribución las acciones del capital de
otras corporaciones cuando la propiedad de tales corpora-
ciones esté exenta o cuando dichas corporaciones estén su-
jetas al pago de contribuciones por tales acciones. La ape-
lante no demostró entonces que sus acciones estuviesen exen-
tas de contribución en una u otra forma.

[2] Igualmente respecto a créditos hipotecarios el ar-
tículo 291 (m) dice lo siguiente:

"Los bonos hipotecarios que no devenguen interés, y otras obli-
gaciones usadas exclusivamente como fianzas o garantías del fiel
desempeño de cargos oficiales; así como gravámenes y censos que
no devenguen más del cinco por ciento de interés anual, siempre
que expresamente se dediquen al cumplimiento de voluntad testa-
mentaria, por la cual se destinen a fines de beneficencia o educa-
ción. Mas toda propiedad por el presente título exenta de contribu-
ción, en tanto cuanto tenga la propiedad inmueble, se inscribirá, va-
luará y describirá como es debido y como se hace con cualquiera
otra propiedad; y el Tesorero llevará un registro que manifieste,
respecto de cada finca exenta por la razón expuesta, la descripción
de la misma, el valor que se le calcula, y quién la posee, así como la
razón por la cual está exenta de contribución, y los demás informes
que sean de desearse, a juicio del Tesorero."

La demandante no nos convence de que cae bajo nin-
guna de estas clases. De suerte que los $16,000 de crédi-
tos hipotecarios no están exentos.

Similarmente tampoco están exentos de contribución los
otros valores y notas montantes a $14,409.65. Incluyendo
los $6,448.66 que se admite adeudarse, todas estas partidas
ascienden a $48,708.31. La base de la tasación fué $66,190,
de manera que la demandante sólo tiene derecho a la de-
volución del dos por ciento de la diferencia o sea $17,481.69
montante a $349.63.

Tal vez alguna de las otras propiedades a que nos he-
mos referido estaba exenta de contribución, pero los autos
no revelan tal cosa. *Debe modificarse la sentencia y orde-
nar la devolución de dichos $349.63.*