CARIBBEAN CASUALTY COMPANY, demandante y apelante, *v.* JUAN G. GALLARDO, en su carácter de Tesorero de Puerto Rico, demandado y apelado; CARIBBEAN CASUALTY COMPANY, demandante y apelante, *v.* JUAN G. GALLARDO, en su carácter de Tesorero de Puerto Rico, demandado y apelado.

Nos. 4603 y 4703.—*Sometidos:* Junio 6, 1929. *Resueltos:* Marzo 5, 1930.

*Jaime Sifre Jr., Horacio Franceschi* y *Diego O. Marrero,* abogado's de la apelante; *Attorney General James R. Beverley* y *Ricardo A. Gómez, Subprocurador,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Consideraremos en una sola opinión estas dos apelaciones interpuestas contra la sentencia de diciembre 17, 1927, por virtud de la cual se declaró la demanda sin lugar, y contra la resolución de marzo 26, 1928, que negó el nuevo juicio solicitado por la parte demandante en este pleito.

En la demanda se alegó que la demandante es una corporación organizada de acuerdo con las leyes de Puerto Rico; que a mediados del 1924 el Tesorero de la Isla preparó una planilla y en ella consignó como propiedad de la demandante sujeta al pago de contribución lo que sigue: "Efectivo en caja, $15,160; Franquicias, $2,150; Propiedades hasta completar el capital, $228,020;" que de acuerdo con la planilla el Tesorero notificó a la demandante haberle impuesto una contribución para el año 1924 a 1925 de $5,127.40; que no conforme la demandante recurrió para ante la Junta de Revisión e Igualamiento que confirmó la tasación del Tesorero y que requerida de pago satisfizo de buen grado $863.98 que creyó justos y el resto de $4,263.45 bajo protesta. Hasta aquí los hechos alegados por la demandante se aceptan por el demandado.

Alegó además la demandante que su capital consiste en: "1,950 acciones de Yabucoa Sugar Co. de un valor en el mercado de $70 cada una, $136,500; 900 acciones del Banco Territorial y Agrícola de Puerto Rico a $81 cada una, $72,900; 10 acciones Compañía Azucarera del Toa a $85 cada una, $850; 45 acciones de la Central Cambalache a $650 cada una, $29,250; 700 acciones Central Pasto Viejo, Inc., a $15, 10,500; Total, $250,000;" que la contribución que se le impuso es ilegal, arbitraria e injusta porque lo fué sobre su capital consistente en su mayor parte en acciones de otras corporaciones domésticas ya tasadas y sobre las cuales se había impuesto la correspondiente contribución original; que le favorecen las disposiciones de los artículos 291 y 320 del Código Político; que lo que se le ha impuesto es una doble contribución, y que su única propiedad que está sujeta a contribución asciende a $41,337.32 y está formada por el efectivo en caja $39,187.20 y el mobiliario valuado en $2,150.

Las últimas alegaciones fueron negadas por el demandado que sostiene la legalidad de la contribución impuesta por haberlo sido sobre el capital en acciones y sobrantes no divididos de la demandante y no sobre acciones de otras compañías domésticas que hayan sido tasadas y sobre las cuales se haya impuesto contribución.

Fué el pleito a juicio. Declaró el tesorero de la corporación demandante que la contribución se pagó de acuerdo con la distribución hecha por el Tesorero de Puerto Rico así: capital en acciones, $200,000 y sobrantes $43,330; que la corporación tenía el 15 de enero de 1924 "un capital en acciones de doscientos mil dólares;" que "ése es el capital en que está invertido el capital. Quiero explicar, porque aquí hay un sobrante de cincuenta mil pesos, que es un sobrante pagado; las acciones se pagaron ciento veinte y cinco pesos en vez de cien pesos, para formar un sobrante pagado, para mejor cumplir con la ley de seguros, un sobrante de cincuenta mil pesos, y en esa fecha no sería esa cantidad porque una

liquidación daría una merma pequeña de ese sobrante. El activo representa ese mismo capital. Tenía 1,950 acciones de la Yabucoa Sugar Co., 900 del Banco Territorial y Agrícola; 10 de la Compañía Azucarera del Toa; 45 de la Central Cambalache y 700 de la Central Pasto Viejo Inc., a las cuales se le dió una valoración de acuerdo con el valor del mercado en aquella fecha, de la misma cantidad del capital y sobrante, o sea, 250 mil dólares;'' que ''la ley de seguros de Puerto Rico exige que las compañías de seguros inviertan su capital en ciertos valores que están especificados en la ley. Al hacer esa inversión se consultó con el superintendente de seguros que es el mismo Hon. Tesorero de Puerto Rico y éste fijó un valor del mercado en esa fecha, de esas acciones, aprobado por él, después de consultar las fuentes de información, y eso se hizo para cumplir con la ley de seguros, de que tuviera su capital invertido en ciertos valores que la ley determina, y se hizo esa inversión;'' que ''la Caribbean Casualty Co., parece que no rindió planilla y la Tesorería la hizo de oficio.''

Luego declaró J. Martínez Chapel, tasador de corporaciones de la Tesorería de Puerto Rico, así:

''P.—Mostrándole la notificación de tasación, puede decirnos el testigo cuál es la base de la tasación durante ese año?—R.—La base de capital y el sobrante.—P.—En acciones?—R.—Sí, señor, que está en acciones y el sobrante.—P.—Se ha tomado en consideración, al hacer esa tasación, la propiedad en que está invertido el capital de la corporación—R.—Indudablemente que no. Se tomó en cuenta el valor de las acciones y el sobrante, las ganancias no divididas de la corporación, en ese año, que llegan a una tasación de $245,330.— P.—Se ha tomado en cuenta la inversión que representa ese capital y sobrante?—R.—Sí, señor.''

La demandante introdujo entonces como evidencia certificaciones demostrativas de que ''The Yabucoa Sugar Co.,'' el ''Banco Territorial y Agrícola,'' la ''Compañía Azucarera del Toa,'' la ''Central Cambalache'' y la ''Central Pasto Viejo'' eran todas corporaciones domésticas, y de que fueron tasadas para la imposición de contribuciones el banco ''sobre

la base de su capital en la suma de $1,305,650 repartido en la siguiente forma: Capital en acciones $1,200,000, sobrante, $100,000 y ganancia no dividida $5,650''; la Yabucoa ''sobre la base de su propiedad en la suma de $2,209,680''; la Toa ''sobre la base de su propiedad en la suma de $1,572,790;'' la Cambalache ''sobre la base de su capital, en la suma de $2,782,970 repartido en la siguiente forma: capital en acciones $2,160,000, bonos $327,400, sobrante $280,000 y ganancia no dividida $15,570'' y la Pasto Viejo ''sobre la base de su propiedad en la suma de $1,700,780.''

Sometido así el caso a la corte de distrito lo resolvió por sentencia de 17 de diciembre 1927 declarando la demanda sin lugar. Parece conveniente transcribir lo que sigue de la opinión que sirve de base a la sentencia:

''La contribución en el presente caso fué impuesta según aparece, sobre la base del capital en acciones y sobrante no divididos y aun cuando la prueba de la demandante ha demostrado que las corporaciones domésticas y compañía en las cuales tiene sus acciones la demandante hasta la suma de $250,000.00, fueron tasadas para la imposición de contribuciones para el año económico 1924–1925, no se ha demostrado de modo específico que estuvieran sujetas al pago de contribuciones por dichas acciones, ni la corte puede presumirlo por el hecho de haber sido tasadas dichas corporaciones y compañía, unas sobre la base de su propiedad y otras del capital. Véase *Porto Rican American Insurance Co.* vs. *Gallardo,* 37 D.P.R. 114.

''Por otra parte, el Artículo 320 del Código Político citado por la demandante, expresamente dispone que las acciones en el capital de bancos e instituciones bancarias serán tasadas a nombre de sus dueños, y sólo cuando éstos no satisficieran las contribuciones, es que el banco es responsable, y tampoco se ha demostrado que el Banco Territorial y Agrícola pagara por la demandante.''

Así las cosas la demandante en febrero 7, 1928, solicitó la concesión de un nuevo juicio basándose en prueba nuevamente descubierta consistente en certificaciones expedidas por el Tesorero de Puerto Rico creditivas de que el banco y las corporaciones mencionadas habían pagado sus contribuciones correspondientes a 1924–25 ''bien a base del valor de sus

propiedades o bien a base del capital invertido en acciones, más las ganancias no divididas,''.

La corte negó el nuevo juicio porque no se había demostrado que las certificaciones no pudieron haberse conseguido con anterioridad a la celebración del juicio usando la debida diligencia, y porque ''las nuevas pruebas que se dicen descubiertas, o sean las certificaciones últimamente expedidas, no podrían cambiar el resultado del juicio, pues era necesario que contuvieran la afirmación que las corporaciones en ellas relacionadas estaban sujetas al pago de contribuciones por tales acciones o haberse presentado en el juicio las planillas rendidas por dichas corporaciones y las notificaciones de tasación a los efectos de la imposición de las contribuciones, para determinar si por las acciones de la demandante se había ya impuesto y cobrado la contribución.''

Hemos examinado tanto la moción de nuevo juicio como los *affidavits* en que se basa y las certificaciones que la acompañan y creemos que la corte de distrito usó debidamente de su discreción al declararla sin lugar. Salvando algunas excepciones entre las cuales no está este caso comprendido, hubiera bastado el primer motivo, esto es, que dichas certificaciones no demostraban que se tratara en realidad de prueba nuevamente descubierta, para no acceder a lo solicitado, pero estamos conformes en que existe además el segundo motivo para la negativa. El hecho de que se pagó la contribución impuesta a que se referían las anteriores certificaciones en nada cambia el problema jurídico a resolver. Ni las certificaciones presentadas ni las acompañadas a la solicitud de nuevo juicio de modo concreto demuestran que se hubiera pagado contribución por las acciones en que empleó casi todo su capital la corporación demandante.

Siendo ése el caso, creemos que se rige, como sostuvo el juez sentenciador, por los principios establecidos en el caso de la *Porto Rican & American Insurance Co.* v. *Gallardo,*

*Tesorero,* opinión emitida con motivo de la moción de reconsideración presentada en el mismo.   37 D.P.R. 114.

Ninguna de las acciones en que tiene invertido su capital la demandante está exenta de contribución por ministerio de la ley, como en el caso de bonos de la libertad, por ejemplo. Las centrales que las emitieron fueron tasadas y pagaron su contribución sobre la base de su propiedad, tierras, maquinarias, edificios, etc.   Lanzaron al mercado sus acciones para obtener dinero y obtenido éste lo invirtieron.   En el mercado compró la demandante las acciones para invertir a su vez su capital y es por ese capital así invertido que le permite estar lista para hacer frente a sus obligaciones y que es a la vez fuente de producción, que la contribución se le impone.

El caso de las acciones del Banco Territorial no se diferencia del de las acciones de las centrales.   Todo lo que las certificaciones demuestran es que el Banco fué tasado para la imposición de contribuciones sobre la propiedad, ''sobre la base de su capital en la siguiente forma: capital en acciones $1,200,000, sobrante $11,000 y ganancias no divididas $4,650'', y que ''pagó las contribuciones sobre la propiedad que le fueron impuestas.''  Ni un detalle más.

*Deben confirmarse la sentencia y la resolución denegatoria de nuevo juicio apeladas.*