## PORTO RICO COAL CO. v. DOMENECH, Treasurer.

### No. 2393.

Circuit Court of Appeals, First Circuit.

June 5, 1930.

Daniel F. Kelley (of Hartzell, Kelley & Hartzell), of San Juan, P. R., for appellant.

Col. William Cattron Rigby, of Washington, D. C. (James R. Beverley, Atty. Gen., of Porto Rico, and Edward A. Kreger and W. A. Graham, both of Washington, D. C., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

WILSON, Circuit Judge.

Under the Political Code of Porto Rico, § 317, as amended by March 10, 1904 (page 176), taxes are assessed against corporations on the following basis: "The actual present value of the capital of such corporations shall be ascertained by the Treasurer of Porto Rico from the sworn declarations of the presidents, directors or other chief officers of such corporations as required by section 319, and *from such other reliable information as the Treasurer may have or secure.*" (Italics ours.)

It is further provided, however, that the value of the capital thus obtained shall not be less than the value of the capital stock and bonds, surplus, and undivided earnings of the corporation, nor less than the market value of the real and personal property of the cor-

poration, including personal property, rights, franchises, and concessions.

The appellant under section 319 of the Code (as amended by Laws 1904, p. 176) made a return on its corporate property for the tax year 1924-25 disclosing capital stock outstanding ............................................... $500,000.00
Surplus ............................................... 254,921.51

$754,921.51
Accounts payable and reserves for taxes.................... $ 68,574.67
Real estate ......................................$ 38,122.66
Cash on hand...................................... 72,976.85
Liberty bonds and U. S. Treasury notes.................... 218,058.75
Bonds and shares of domestic corporations (Certificates of
  credit) ........................................ 3,523.22
Notes receivable and other credits......................... 228,203.70
Rolling stock ...................................... 473.50
Tangible personal property............................. 151,536.29    $712,894.97

The Treasurer of Porto Rico under the authority vested in him under section 317 determined the actual present value of the capital of the company as follows:

Capital stock ............................................... $500,000.00
Surplus ............................................... 437,630.00

$937,630.00
Real estate ......................................$ 81,640.00
Railroad property ...................................... 6,500.00
Cash on hand ...................................... 72,980.00
Balance to cover assessment............................. 511,780.00
Other personal property ................................ 264,730.00

Grand total ...............................................$937,630.00

—and assessed a tax thereon at the rate of .0209 on one dollar of valuation, amounting to $19,596.48.

The appellant thereupon appealed to the board of equalization of Porto Rico and requested the following amendments of the treasurer's valuation, which we herewith insert in parallel columns:

Assessment by Treasurer.
Real Estate...................$ 81,640.00
Railroad property............ 6,500.00
Cash on hand................ 72,980.00
Difference to cover assessment 511,870.00
Other tangible personal property ...................... 264,730.00

Grand total.............$937,630.00

The board of equalization refused to revise the treasurer's valuation and the appellant paid the tax of $19,596.45, $13,188.28 of which it paid under protest, and the balance of $6,408.20 it admitted was justly due.

It then brought this action in the District Court of San Juan to recover the amount

paid under protest and for which it contended it was unlawfully assessed.

The appellant contended before that court that it should not be taxed for the Liberty bonds or United States Treasury notes it held, or the cost of certain improvements on property belonging to the people of Porto Rico at an expense of $67,098.58, which property it held under lease or contract, and which under its deed or lease was exempt from taxation, or a total of $285,157.33. It also contended that it should not be taxed on its accounts receivable and certain certificates of credit amounting to $231,726.92; and that it should

As requested to be amended.
(No change)............$ 81,640.00
............ 1,439.92
(No change).............. 72,980.00
............ 63,470.42

............ 151,536.29

.............$371,066.63

only be taxed on the difference between its capital and surplus of $754,921.51, and $448,309.58, which latter sum is the difference between the total amount which it claimed was exempt and the amount of its accounts payable and tax reserves as stated in its return. In other words, it should only be taxed on a

valuation of $306,611.93, which at a rate of .0209, amounted to $6,408.20, the sum it paid without protest.

The District Court sustained the contention of the appellant that the amount of its Liberty bonds, and United States treasury notes, and the sum expended for improvements on the public property should be exempt from taxation and should not have been included in the valuation of the capital of the company for taxing purposes, but refused to exclude the credits. The amount of the Liberty bonds, treasury notes and cost of improvements deducted from the value found by the treasurer of $937,630, left a value of $652,472.67 on which the District Court held the tax should have been assessed. On this sum at the rate of .0209, the tax amounted to $13,636.72. The District Court ordered the Treasurer to refund to the appellant the sum of $5,959.73, being the difference between the amount paid by the appellant and the amount of the tax as determined by the District Court.

From this decision the company appealed to the Supreme Court of Porto Rico, which sustained the decision of the District Court, and from the judgment of the Supreme Court the company took its appeal to this court.

It is impossible from the record to check the computations on which either the treasurer or the appellant based their claims. It is now conceded by the government that no tax should be assessed on any value of the capital of the corporation which included the Liberty bonds, treasury notes, or the cost of the improvements on the public property.

█ It is contended that the "surplus" mentioned in the Code refers solely to reserves set aside for future contingencies. We are unable to agree to this construction, but hold that the word "surplus" refers to the excess of its assets over its liabilities. It is the value of its capital that is sought.

The appellant raised a further question of whether costs should not have been allowed to it in the District Court, but the Supreme Court held that it was a matter within the discretion of the District Court. We do not think this question is an issue here.

█ The only other issues raised by the appellant are whether the amount of its accounts receivable should also be excluded, and whether the treasurer was justified in giving a valuation to its tangible personal property of $264,730, instead of $151,536.29, as sworn to by the officers of the appellant.

Upon the record other queries present themselves, but we regard them as waived, and shall confine ourselves to the issues raised in the assignment of errors and argued by counsel.

As to the first, we think under the prior decisions of the local courts accounts receivable are not taxable under section 317 of the Code. There may be other constructions which could reasonably be given to this and the other sections relating to taxation, but we cannot say that the construction placed on it by the local court in the earlier cases hereinafter cited is clearly wrong. Cardona v. Quinones, 240 U. S. 83, 89, 36 S. Ct. 346, 60 L. Ed. 538.

Section 317 begins with the words, "The personal property of institutions, etc." and the avowed purpose of the method of valuation prescribed in this section is to arrive at the value of the "personal property of said corporations." Section 290 of the Code (as amended by Laws 1904, p. 169) declares that book credits, promissory notes, and other personal credits are not personal property.

The local courts in Union Central Life Ins. Co. v. Gromer, 19 P. R. R. 856, 866–867, and in Fajardo Sugar Co. v. Richardson, Treasurer, 22 P. R. R. 290, 298–300, properly, we think, hold that credits and accounts receivable are not taxable and should not be included in the valuation of corporations for taxation under section 317. The latter case was appealed to this court and in 237 F. 195, 196, this court said: "Both the District Court and the Supreme Court of Porto Rico upon appeal gave due consideration to the questions of law, and agreed in the conclusion that, upon a proper construction of the provisions of the Code, the disputed items or 'credits' were not taxable. We find no reason for disagreeing with the judgments of the local courts as to the local law, and have no doubt that their construction of the provisions of the Code is correct."

█ This court will always give due consideration to the construction of a local statute by a local court of last resort, but where, as in this case, it has already approved one construction of section 317 by the Supreme Court of Porto Rico, it cannot, if appellate decisions are to serve any purpose, follow every new construction of this section by the Porto Rican court. No adequate reason is presented here for reversing our former decision.

It is true that in 19 P. R. R. 856 and in 22 P. R. R. 290, the corporations involved

were doing business in another country, and the accounts receivable were not actually within the jurisdiction of Porto Rico, but according to the reasoning of the local courts, it would have made no difference. This construction of section 317 was also adopted by the federal District Court of Porto Rico in the case of Fajardo Sugar Co. v. Gallardo, decided December 30, 1925.

The local courts appear to have departed from their previous construction of this section in France & New York Medicine Co. v. Reily, 31 P. R. R. 617, and to have treated the tax assessed under section 317 as a form of excise tax, but we think this was not a correct construction of this section, and has not since been followed by the local courts. In fact this construction was rejected by the local Supreme Court in Porto Rican & Am. Ins. Co. v. Gallardo, Treasurer, 35 P. R. R. 842. Neither the case in 35 P. R. R. 842, nor Porto Rican & Am. Ins. Co. v. Gallardo, 37 P. R. R. (not yet published in English), cited in the government's brief, are inconsistent with the views expressed by the Supreme Court in 19 P. R. R. 856, and 22 P. R. R. 290.

If the statute as construed by the Supreme Court of Porto Rico in the cases last cited, with the approval of this court, is not satisfactory to the people of Porto Rico, they have a Legislature with power to amend.

As to the valuation of the tangible personal property by the treasurer, the Board of Equalization and the District Court have both passed on it and refused to accept the valuation made by the officers of the company as against that found by the treasurer. This was a finding of fact, and from the record we cannot say that the treasurer, who had a right under the Code to base his findings on any information in his possession, was clearly wrong. Great Northern Rwy. Co. v. Okanogan County (D. C.) 223 F. 198; Washington Union Coal Co. v. Thurston County, 105 Wash. 208, 177 P. 774, 2 A. L. R. 1546. On this issue we rule against the appellant.

The exclusion of the credits as exempt from taxation under section 317, however, requires a further refund of $4,843.16, the amount of the tax on $231,726.92. The treasurer, therefore, should now be ordered to refund to the appellant the sum of $10,802.92.

The judgment of the Supreme Court is reversed, and the case remanded to that court for further proceedings not inconsistent with this opinion, with costs in this court to the appellant.