New Córsica Centrale, demandante y apelante, *v.* Juan G. Gallardo, en su carácter de Tesorero de Puerto Rico, demandado y apelado.

No. 4682.—*Sometido:* Diciembre 11, 1929.—*Resuelto:* Enero 15, 1931.

*J. Sifre y Horacio Franceschi,* abogados de la apelante; *Attorney General James R. Beverley y M. Rodríguez Serra, Procurador General Auxiliar,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En una demanda sobre devolución de contribuciones pagadas bajo protesta, el activo de la demandante fué relacionado en la siguiente forma: Efectivo en caja, $442.42; bonos del gobierno, $50; créditos con garantías de hipotecas (*sic*) $11,069.44; pagarés a cobrar y otros créditos no detallados antes, $271,748.07; en total, $283,309.93.

La controversia gira principalmente sobre si las palabras citadas describían "créditos" o alguna otra clase de propiedad. Sucede que la última partida de las anteriores era principalmente por una deuda de la Central Defensa, que, según la prueba demuestra, estaba garantizada con hipoteca, pero la apelante dice en su alegato que sólo estaba garantizada colateralmente.

En la demanda se continuaba alegando que la única parte del activo sujeta al pago de contribución era el efectivo en caja; que se había librado una orden de embargo contra la compañía y que, por tanto, había pagado la suma de $5,851.96 bajo protesta. La Corte de Distrito de San Juan, fundándose en nuestra opinión en el caso de *Porto Rican & American Insurance Company* v. *Gallardo,* 37 D.P.R. 114, resolvió que no se podía imponer contribución a la compañía por los bonos del gobierno ascendentes a $50, pero se negó a ordenar la devolución de las otras cantidades reclamadas.

El recurso envuelve la interpretación que debe darse al artículo 290 del Código Político, considerado tal vez en conexión con el 291 del mismo cuerpo legal. Estos dos artículos rezan así:

"Artículo 290. Que toda propiedad no exenta expresamente del pago de contribuciones será tasada como imponible. Para los efectos de la tasación de contribuciones la frase 'propiedad real' se considerará sinónima de 'inmuebles,' según la definición hecha en los artículos 333, 334 y 335 del Código Civil; *Disponiéndose, sin embargo,* que las maquinarias, vasijas, e instrumentos o implementos no adheridos al edificio o suelo no se considerarán como inmuebles. Los bienes muebles comprenderán dichas maquinarias, vasijas, instrumentos o implementos no adheridos al edificio o suelo, el ganado en pie, el dinero, bien en poder del mismo dueño o de otra persona, o depositado en alguna institución, los bonos, las acciones, certificados de créditos en sindicatos o sociedades no incorporadas, derechos de privilegio, marcas de fábrica, franquicias, concesiones y todas las demás materias y cosas susceptibles de ser propiedad privada, no comprendidas en la significación de la frase 'propiedad real', pero no comprenderán los créditos en cuentas corrientes, pagarés, ni otros créditos personales.

"Artículo 291. Estarán exentas de tributación para la imposición de contribuciones las propiedades siguientes:

"(a) La propiedad de un individuo cuyos bienes, en su valor total, sean tasados en menos de cien dollars.

"(b) La propiedad de los Estados Unidos y toda propiedad exenta del pago de contribuciones por las leyes de los Estados Unidos; la propiedad de El Pueblo de Puerto Rico, con excepción de lo que determina el artículo 296 de este título; la propiedad de cualquier distrito municipal o de otra división local, destinada exclusivamente al uso público, aunque dicha propiedad sea fuente de rentas del distrito municipal o de otra división local a que pertenezca.

"(c) Las deudas de cualquier persona, asociación o corporación, sujeta al pago de contribución; con las limitaciones y en la forma prescrita en los artículos 297 y 298 de este título.

"(d) Las acciones del capital de instituciones, corporaciones o compañías organizadas bajo las leyes de Puerto Rico, cuando la propiedad de tales corporaciones esté exenta o cuando dichas instituciones, sociedades o compañías estén sujetas al pago de contribuciones por dichas acciones, con las limitaciones. y en la forma que dispone el artículo 322 de este título.

"(e) Todo edificio utilizado y destinado exclusivamente para el culto religioso, incluyendo escaños, asientos y muebles dentro del mismo; todo edificio utilizado para centro de educación, literario,. científico o caritativo, con los muebles, enseres y aparatos pertenecientes al mismo; y toda superficie de terreno, cuya extensión no exceda de cinco cuerdas, en el cual dicho edificio o edificios esté o estén construídos; siempre que tales terrenos y edificios. no sean arrendados o utilizados de otra manera con el fin de que produzcan un beneficio pecuniario, ya al arrendador, ya al arrendatario.

"(f) Los cementerios, las tumbas, y el derecho a enterramiento en determinado local, siempre que estos sitios sean destinados a inhumación de cadáveres y no se obtengan dividendos ni beneficios de ellos, excepto en el caso de que dichos dividendos o beneficios procedan de cementerios que sean propiedad de los municipios.

"(g) La pesca en poder de los pescadores por quienes haya sido cogida.

"(h) Los frutos por cosechar y productos de la tierra que sean precisamente propiedad del productor y mientras estén en poder de éste.

"(i) Los instrumentos profesionales y las herramientas o aparatos de mecánicos o artesanos, y que para servirse de ellos hayan de ser movidos o usados exclusivamente a mano.

"(j) El ajuar y enseres de la casa, prendas de vestir, provisiones y combustibles que guarde para su uso y consumo la persona a quien pertenezcan. Pero nada en este título se interpretará como exención de contribución sobre maquinaria para labores agrícolas, o sobre los muebles, utensilios y provisiones de hoteles, restaurants y bodegones, sin perjuicio de lo exceptuado en los incisos anteriores.

"(k) Todos los libros de enseñanza y profesionales y las bibliotecas particulares.

"(l) Todos los retratos de familia.

"(m) Los bonos hipotecarios que no devenguen interés, y otras obligaciones usadas exclusivamente como fianzas o garantías del fiel desempeño de cargos oficiales; así como gravámenes y censos que no devenguen más del cinco por ciento del interés anual, siempre que expresamente se dediquen al cumplimiento de voluntad testamentaria, por la cual se destinen a fines de beneficencia o educación. Mas toda propiedad por el presente título exenta de contribución, en tanto cuanto tenga de propiedad inmueble, se inscribirá, valuará y describirá como es debido y como se hace con cualquiera otra propiedad; y el Tesorero llevará un registro que manifieste, respecto de cada finca exenta por la razón expuesta, la descripción de la misma, el valor que se le calcula, y quién la posee, así como la razón por la cual está exenta de contribución, y los demás informes que sean de desearse, a juicio del Tesorero."

No puede haber duda de que este tribunal resolvió en *Union Central Life Insurance Co.* v. *Gromer,* 19 D.P.R. 900, y *Fajardo Sugar Co.* v. *Tesorero,* 22 D.P.R. 311, que, de conformidad con el estatuto, los créditos personales no estaban sujetos a tributación. El caso de Gromer resolvió que los créditos garantizados con hipotecas eran no obstante primordial y fundamentalmente créditos, y que, por tanto, no podían formar parte de los bienes muebles, según se definen éstos en el artículo 290. El caso de Fajardo Sugar Co. resolvió esencialmente que los anticipos hechos a agricultores eran créditos y que, por consiguiente, estaban expresamente excluídos de la definición de bienes dada en el artículo 290. Por tanto, nos sentimos obligados a resolver que el activo en el presente caso constituía créditos, según la definición del artículo 290, y no podía considerarse como bienes más

que los créditos en el caso de Gromer o en el de Fajardo Sugar Co.

La dificultad que se nos ha enfrentado es que la decisión en *Porto Rican & American Insurance Co.* v. *Gallardo, supra,* resuelve, entre otras cosas, que los créditos hipotecarios y los pagarés no estaban exentos del pago de contribuciones. Este fallo era terminantemente inconsistente con nuestras decisiones anteriores. En lo que respecta a los créditos garantizados con hipoteca, el aludido caso, Porto Rican & American Insurance Co., y nuestras decisiones anteriores citadas, no pueden permanecer juntos.

Sin embargo, estamos bastante convencidos de que los casos anteriores habrían prevalecido de haberse fijado nuestra atención en el artículo 290 del Código Político. Debido a la forma en que se presentaron las cuestiones envueltas, el tribunal de momento no tuvo presente el artículo 290 y su interpretación anterior. Quizá sería difícil tratar de explicar todos los motivos del error o la inadvertencia, pero algunas consideraciones se hacen aparentes de un examen de los autos en *Porto Rican & American Insurance Co.* v. *Gallardo, supra.* La cuestión substancialmente envuelta, según fué presentada en su origen, fué si el Tesorero, considerando las acciones por sí solas, podía impedir que un contribuyente alegara una exención. Por mayoría, disintiendo dos jueces, resolvimos que el contribuyente tenía derecho a exención. *Porto Rican & American Insurance Co.* v. *Gallardo,* 35 D.P.R. 917.

Entonces el Procurador General de Puerto Rico solicitó la reconsideración y sostuvo que, de acuerdo con el artículo 291, la contribuyente-apelante no había demostrado estar exenta. El caso original fué resuelto en julio 29, 1926; la moción de reconsideración fué presentada en noviembre 2 del mismo año. En enero 24, la corte ordenó la reconsideración, limitando el caso exclusivamente al estudio de las exenciones, toda vez que el Procurador General había suscitado

nuevamente las cuestiones resueltas por el tribunal en julio 29. Según indica la apelante, la única cuestión planteada entonces a esta corte fué si la Porto Rican & American Insurance Co. había demostrado estar exenta a virtud del artículo 291 del Código Político. En febrero 3, 1927, el Procurador General presentó un alegato, y en febrero 7 tuvo lugar la vista en reconsideración. El letrado de la Porto Rican & American Insurance Co. solicitó un término para radicar su alegato, que le fué concedido. Prórrogas sucesivas fueron solicitadas y concedidas hasta principios de abril, pero la Porto Rican & American Insurance Co. no radicó alegato. En julio 7, 1927, este tribunal dictó su segunda opinión, *Porto Rican & American Insurance Co.* v. *Gallardo,* 37 D.P.R. 114, tomando en consideración sólo el artículo 291 del Código Político, toda vez que no se le llamó la atención hacia el 290. Evidentemente, la corte estaba bajo la impresión de que el único artículo a considerar era el 291.

Además, quizá siguiendo hasta cierto punto la decisión en el caso de *Porto Rican & American Insurane Co., supra,* resolvimos en *Porto Rico Coal Co.* v. *Gallardo,* 39 D.P.R. 637, que no se había demostrado que no fueran imponibles ciertos certificados de la Central Carmen y de la Central Coloso. La Corte de Circuito de Apelaciones de Boston revocó la decisión en *Porto Rico Coal Co., supra,* y necesariamente resolvió que los referidos certificados debían considerarse como créditos. Aquella corte, además, revisó nuestra jurisprudencia anterior en *Union Central Life Ins. Co.* v. *Gromer,* en *Fajardo Sugar Co.* v. *Tesorero, supra,* y la confirmación de la última de estas decisiones por la Corte de Circuito y resolvió, en efecto, que esas decisiones anteriores eran ya derecho establecido. La aludida opinión de la Corte de Circuito nos debió llevar a la conclusión de fallar el caso de acuerdo con los anteriores, o sea, *Union Central Life Ins. Co.* v. *Gromer,* y *Fajardo Sugar Co.* v. *Tesorero.* Por otra parte, estamos bastante convencidos de que en el caso de la Porto

Rican & American Insurance Co. no hubiésemos dejado de seguir nuestras citadas opiniones anteriores si se nos hubiese llamado debidamente nuestra atención a ellas.

*Debe revocarse la sentencia de la corte de distrito.*

OPINIÓN CONCURRENTE EMITIDA POR EL JUEZ PRESIDENTE SEÑOR DEL TORO.

Mi criterio con respecto a la tasación de los bienes pertenecientes a corporaciones, a los efectos del pago de la contribución al Pueblo fijada por la ley, ha diferido muchas veces del de la mayoría del tribunal. Me limitaré a citar los casos de *Union Central Life Insurance Co.* v. *Gromer,* 19 D.P.R. 900, *Fajardo Sugar Co.* v. *Tesorero,* 22 D.P.R. 311, 323 y, especialmente, el de la *Porto Rican and American Insurance Co.* v. *Gallardo,* 35 D.P.R. 917, 934, en que, al emitir mi opinión disidente, me expresé así:

"Opino que la sentencia apelada debe confirmarse porque a mi juicio el procedimiento seguido por el Tesorero y ratificado por la Junta de Revisión e Igualamiento es correcto. La tasación se basó en los datos proporcionados por la misma corporación. El Tesorero no cargó contribución alguna a los bienes exentos por ministerio de la ley. Tomó en consideración el valor de las acciones que es algo independiente susceptible de tasación de acuerdo con una interpretación racional del artículo 317 del Código Político."

En el caso de la *Porto Rican and American Insurance Co.* v. *Gallardo,* 35 D.P.R. 917, el Pueblo archivó una petición de reconsideración que fué resuelta favorablemente, de acuerdo con la opinión emitida al efecto, que aparece publicada en 37 D.P.R. 114, y en la cual concurrimos todos los jueces.

Estoy enteramente conforme en que la última opinión emitida en el caso de la *Porto Rican and American Insurance Co.* v. *Gallardo,* 37 D.P.R. 114, en cuanto a créditos se refiere, es incompatible con el criterio de la mayoría de la corte en los casos de la *Union Central Life Insurance Co.,* *supra,* y la *Fajardo Sugar Co.,* *supra,* confirmado por la Corte de Circuito de Apelaciones del Primer Circuito de los

Estados Unidos; pero deseo hacer énfasis en que dicha opinión subsiste en cuanto se trata de acciones, ya que en .ella se basó la opinión unánime de la corte emitida por el juez que suscribe en los casos de la *Caribbean Casualty Company* v. *Gallardo,* 40 D.P.R. 679, quedando establecida la siguiente jurisprudencia, copiando del resumen:

"CONTRIBUCIONES—RESPONSABILIDAD DE PERSONAS Y PROPIEDADES —EXENCIONES—BIENES DE CORPORACIONES—ACCIONES DE OTRAS CORPORACIONES.—En ausencia de demostración al efecto de que unas acciones de corporaciones estén exentas de contribución en una u otra de las formas prescritas por la ley, las mismas están sujetas al pago de contribución."

En vista del firme criterio de la mayoría del tribunal a través de los años, ratificado de nuevo ahora con motivo de la desviación observada, criterio que ha sido sostenido abiertamente por la Corte de Circuito de Apelaciones del Primer Circuito, (Véase la reciente decisión en el caso de *Porto Rico Coal Co.* v. *Domenech, Treasurer,* junio 5, 1930), me parece ésta una cuestión definitivamente resuelta. Debo, por tanto, aceptar que la ley en Puerto Rico es que a virtud de lo dispuesto en el artículo 290 del Código Político, "los créditos en cuentas corrientes, pagarés, ni otros créditos personales," tanto en cuanto a personas naturales como a corporaciones, no son bienes tasables a los fines contributivos. Dicho artículo se ha considerado fundamental y se ha interpretado con entera independencia del 291 y del 317 del própio código.

Siendo ello así, debo concurrir y concurro en la sentencia que se dicta hoy en este caso basada en la opinión emitida por el Juez Asociado Sr. Wolf, revocando la apelada que dictó la corte de distrito.