RAFAEL A. BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent.

No. 42. Argued April 9, 1945.—Decided June 4, 1945.

*Jesús A. González, Acting Attorney General,* and *Zoilo Dueño Gon-*

zález, *Deputy Attorney General,* for petitioner. *James R. Beverley, R. Castro Fernández,* and *José López Baralt,* for intervener, complainant in the main proceeding.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

On November 3, 1943, the Treasurer of Puerto Rico notified Carlos R. Rossi that he had levied a tax of 2.86 per cent on certain personal properties, among others, on a balance of $2,250 in his account with the Royal Bank of Canada and on $54,000 in manager's checks issued by that bank to the order of Rossi. The latter refused to pay said tax and filed a complaint in the Tax Court which sustained it. We granted a petition for certiorari filed by the Treasurer to review said decision.

██ Section 290 of the Political Code in its pertinent part provides: "That all property not expressly exempted from taxation shall be assessed and taxed. . . . Personal property shall include such machinery vessels, instruments or implements not fixed to the building or soil, livestock, *money, whether in the possession of the owner thereof or held by or on deposit with some other person or institution, . . . . but shall not include book-credits, promissory notes nor other personal credits."* (Italics ours.)

The principle argument of the petitioner is that this court erred in the cases of *Union C. Life Ins. Co.* v. *Gromer, Treasurer,* 19 P.R.R. 856; *Fajardo Sugar Co.* v. *Richardson,* 22 P.R.R. 290; *New Corsica Centrale* v. *Gallardo,* 41 P.R.R. 665, and *Cortada* v. *Ponce,* 47 P.R.R. 580, in deciding that, under § 290 of the Political Code, personal credits are expressly exempted from taxation; and he prays that said decisions be overruled. He contends that the fact that the clause set forth at the end of § 290 in the sense that personal property "shall not include book-credits, promissory notes, nor other personal credits" does not mean that the Legislature intended "to exempt said property from taxation but merely to establish that the same shall not be considered as personal

property," and that the only properties exempt from taxation are those enumerated in § 291 of the Political Code, among which personal credits are not included. The position adopted by the Treasurer is an acceptance that the balance on a bank account and the manager's checks are mere personal credits of the taxpayer. Accordingly, we decided in *Treasurer* v. *Banco Comercial,* 46 P.R.R. 298, quoting from the syllabus, that: "The title to money deposited in a banking institution, not as a special deposit or as a deposit for a specific purpose, passes to the bank, and the relation of creditor and debtor is established between the latter and its client"; and in *Rodríguez* v. *District Court,* 42 P.R.R. 738, we held, also copying from the syllabus, that: "When funds are deposited in a bank, the latter is a debtor rather than an agent of the depositor." See also *Treasurer* v. *Banco Comercial,* 50 P.R.R. 539.

As to the manager's checks, which, in like manner as the lower court, we consider identical to cashier's checks,[1] it has been held that "General rule is cashier's check is merely evidence of debt of bank, . . ." *Charleroi Supply Co.* v. *Kelly,* 40 F. (2d) 297, and in *In re Liquidation of State Bank of Binghampton,* 274 N.Y.S. 41, that: "A cashier's check is but an acknowledgment of a debt. . . . [it] differs radically from an ordinary check. The latter is an order upon a bank purporting to be drawn upon a deposit. It is an order on a specific deposit balance. Not so a cashier's check. It is merely an evidence or acknowledgement of an indebtedness with an agreement to pay on demand." See monographs in 73 A.L.R. 66 and 95 A.L.R. 676.

The money which Rossi had deposited in a bank, in a checking or savings account, as well as the manager's checks, established the relation of creditor and debtor between him and the bank and hence they constituted personal credits.

---

[1] Apparently the local banking practice is that the cashier is not authorize to issue checks in the name of the bank, said power being vested only on the manager of the institution.

Considering now the fundamental question raised by the petitioner, to the effect that the personal credits are not tax exempt, we find no reason or ground in his brief which has not been already studied by this court as well as by the First Circuit Court in the cases of *Union Central Life Insurance Co.* v. *Gromer,* and *Fajardo Sugar Co.* v. *Richardson, supra,* the question having been decided adversely to petitioner's contentions. Moreover, when this court tried to change the doctrine established in those cases when deciding that of *Porto Rico Coal Co.* v. *Gallardo,* 39 P.R.R. 575, its decision was reversed by the First Circuit Court in *Porto Rico Coal Co.* v. *Domenech,* 41 F.(2d) 183, wherein that court said:

". . . The District Court . . . refused to exclude the credits. . . . Section 290 of the Code declares that book credits, promissory notes, and other personal credits are not personal property.

"The local courts in *Union Central Life Ins. Co.* v. *Gromer,* 19 P. R. R. 856, 866–867, and in *Fajardo Sugar Co.* v. *Richardson, Treasurer,* 22 P. R. R. 290, 298–300, properly, we think, hold that credits and accounts receivable are not taxable and should not be included in the valuation of corporations for taxation under section 317. The latter case was appealed to this court and in 237 F. 195, 196, this court said: 'Both the District Court and the Supreme Court of Porto Rico upon appeal gave due consideration to the questions of law, and agreed in the conclusion that, upon a proper construction of the provisions of the Code, the disputed items or 'credits' were not taxable. We find no reason for disagreeing with the judgments of the local courts as to the local law, and have no doubt that their construction of the provisions of the Code is correct.'

"This court will always give due consideration to the construction of a local statute by a local court of last resort, but where, as in this case, it has already approved one construction of section 317 by the Supreme Court of Porto Rico, it cannot, if appellate decisions are to serve any purpose, follow every new construction of this section by the Porto Rican court. No adequate reason is presented here for reversing our former decision."

Subsequently the question was again brought up in *New Corsica Centrale* v. *Gallardo, supra,* and there we said, at p. 670:

". . . The Circuit Court of Appeals of Boston reversed the decision in the Porto Rico Coal Co. case *supra,* and necessarily decided that the certificates in question should be considered as credits. That court, moreover, reviewed our previous jurisprudence in *Union Central Life Insurance Co.* v. *Gromer, Fajardo Sugar Co.* v. *Treasurer, supra,* and the affirmance of the latter decision by the said circuit court and held in effect that these previous decisions were settled law. . . ."

Lastly, in *Cortada* v. *Ponce, supra,* after citing the legislative history of the statutes in connection with the question raised and after a complete revision of all the cases previously decided, we affirmed the judgment which annulled the municipal ordinance that tended to tax all the capital represented by loans, bills, and other negotiable instruments, by reason of their being exempt from taxation by § 290 of the Political Code.

All these decisions constitute settled law, *stare decisis,* on the question raised; and as to the request of the Treasurer that they be overruled, we confine ourselves to reproducing the holding of the Circuit Court in *P. R. Coal Co.* v. *Domenech, supra:* "If the statute as construed by the Supreme Court of Porto Rico in the cases last cited, with the approval of this court, is not satisfactory to the People of Porto Rico, they have a Legislature with power to amend."

The decision appealed from should be affirmed.

