RAFAEL A. BUSCAGLIA, TESORERO DE PUERTO RICO, peticionario, v. TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado.

Núm. 42.—*Sometido:* Abril 9, 1945. *Resuelto:* Junio 4, 1945.

*Hon. Procurador General Interino Jesús A. González y Zoilo Dueño González, Procurador General Auxiliar,* abogados del peticionario; *James R. Beverley, R. Castro Fernández y José López Baralt,* abogados del interventor, querellante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El Tesorero de Puerto Rico notificó a Carlos R. Rossi el 3 de noviembre de 1943, haberle impuesto una contribución de 2.86 por ciento sobre ciertos bienes muebles y, entre ellos, sobre el balance de $2,250 en su cuenta con el Royal Bank of Canada y sobre $54,000 en *Manager's Checks* expedidos por dicho Banco a la orden de Rossi. Este se negó a pagar dicha contribución y radicó querella ante el Tribunal de Contribuciones que la declaró con lugar. Expedimos *certiorari* a petición del Tesorero para revisar dicha resolución.

El artículo 290 del Código Político, en lo pertinente, dispone: "Que toda propiedad no exenta expresamente del pago de contribuciones será tasada como imponible. . . . Los bienes muebles comprenderán dichas maquinarias, vasijas, instrumentos o implementos no adheridos al edificio o suelo, el ganado en pie, *el dinero, bien en poder del mismo dueño o de otra persona, o depositado en alguna institución,* . . . *pero no comprenderán los créditos en cuentas corrientes, pagarés, ni otros créditos personales.*" (Bastardillas nuestras).

El argumento principal del peticionario es que esta Corte erró en los casos de *The Union Central Life Insurance Company* v. *Gromer, Tesorero,* 19 D.P.R. 900; *Fajardo Sugar Co.* v. *Richardson, Tesorero,* 22 D.P.R. 311; *New Córsica Centrale* v. *Gallardo, Tesorero,* 41 D.P.R. 669, y *Cortada* v. *Municipio de Ponce,* 47 D.P.R. 615, al resolver que, de acuerdo con el artículo 290 del Código Político, los créditos personales están expresamente exentos del pago de contribuciones y solicita que revoquemos dichas decisiones. Arguye que el hecho de que la frase consignada al final del artículo 290 en

,el sentido de que los bienes muebles "no comprenderán los créditos en cuentas corrientes, pagarés, ni otros créditos pernales" no significa que la Legislatura tuviera la intención "de eximir de tributación a dichos bienes, sino que únicamente establece que no se considerarán los mismos como bienes muebles," y que los únicos bienes exentos del pago de contribuciones son aquellos mencionados en el artículo 291 del Código Político y entre los cuales no constan los créditos personales. La posición adoptada por el Tesorero es una aceptación de que el balance de la cuenta en un banco y los "manager's checks" son meros créditos personales del contribuyente. En efecto, hemos resuelto en *Tesorero de. P. R.* v. *Banco,* 46 D.P.R. 308, copiando del sumario, que: "Dinero depositado en una institución bancaria no como depósito especial o de carácter específico, pasa al dominio del banco, estableciéndose entre éste y su cliente la relación de acreedor y deudor" y en el de *Rodríguez* v. *Corte,* 42 D.P.R. 766, también del sumario que: "Depositado un dinero en un banco, éste es un deudor más bien que un agente del depositante." Al mismo efecto véase *Tesorero* v. *Banco,* 50 D.P.R. 562.

En cuanto a los *manager's checks,* los cuales, en igual forma que el tribunal inferior, consideramos equivalentes a los llamados *cashier's checks,*[1] se ha resuelto que "Es una regla general de ley que un *cashier's check* es meramente la evidencia de una deuda por parte del banco, . . ." *Charleroi Supply Co.* v. *Kelly,* 40 F. 2d 297, y en el de *In Re Liquidation of State Bank of Binghampton,* 274 N.Y.S. 41, que: "Un *cashier's check* es sólo el reconocimiento de una deuda y se diferencia radicalmente de un cheque corriente, que es una orden al banco aparentemente librada contra un depósito, una orden contra un balance específico depositado, mien-

---

[1] Aparentemente en la práctica bancaria local el cajero *(cashier)* no está ·autorizado a expedir cheques a nombre del banco, correspondiendo únicamente dicha facultad al gerente *(manager)* de la institución.

tras que un *cashier's check* es meramente la evidencia o reconocimiento de una deuda con un compromiso de pagar a presentación.'' Véanse las Monografías en 73 A.L.R. 66 y 95 A.L.R. 676.

Tanto el dinero depositado en un banco, en cuenta corriente o de ahorros, como los cheques del gerente (*manager's checks*), que tenía Rossi establecieron una relación de acreedor y deudor entre él y el banco y como consecuencia constituían créditos personales.

Pasando ahora a considerar la cuestión fundamental planteada por el peticionario, al efecto de que los créditos personales no están exentos de tributación, nada encontramos en las razones y motivos que expone en su alegato que no haya sido objeto de consideración, tanto por esta Corte como por la del Primer Circuito, en los casos de *Union Central Life Insurance Co.* v. *Gromer* y *Fajardo Sugar Co.* v. *Richardson,* supra, habiéndose resuelto la cuestión adversamente a las pretensiones del peticionario. Es más, cuando esta Corte en el caso de *The Porto Rico Coal Co.* v. *Gallardo,* 39 D.P.R. 637, intentó variar la doctrina establecida en los casos mencionados, su decisión fué revocada por la del Primer Circuito Federal en *P. R. Coal Co.* v. *Domenech,* 41 F. 2d 183, diciéndose por dicha Corte:

''. . . La Corte de Distrito . . . se negó a excluir los créditos. El artículo 290 del Código dispone que los créditos en cuentas corrientes, pagarés y otros créditos personales nó serán bienes muebles. Las cortes locales, en los casos de *Union Central Life Insurance Co.* v. *Gromer,* 19 D.P.R. 900, 910–911, y en *Fajardo Sugar Co.* v. *Richardson, Tesorero,* 22 D.P.R. 311, 319–321, propiamente, a nuestro juicio, han resuelto que los créditos y cuentas a cobrar no están sujetos a tributación y no deben ser incluídos en la valoración de las corporaciones para fines contributivos hecha de conformidad con el artículo 317. Este último caso fué apelado para ante esta Corte, y en 327 Fed. 195, 196, dijimos: 'Tanto la Corte de Distrito como la Corte Suprema de Puerto Rico en apelación prestaron debida consideración a las cuestiones de derecho y llegaron a la conclusión de que al interpretarse debidamente las disposiciones del código, las par-

tidas o "créditos" en disputa no estaban sujetos a tributación. No hallamos razón alguna para no convenir con el criterio de las cortes locales respecto a la ley local y no tenemos duda de que la interpretación dada a las disposiciones del código es correcta.' Esta corte siempre dará debida consideración a la interpretación dada a un estatuto local por una corte local de última instancia, mas cuando, como ocurre en este caso, ya ha aprobado una interpretación dada al artículo 317 por la Corte Suprema de Puerto Rico, no puede, si las decisiones de una corte de apelaciones sirven para algún fin, seguir toda nueva interpretación dada a este artículo por las cortes en Puerto Rico. Aquí no se aduce razón alguna para revocar nuestra decisión anterior. . ."

Posteriormente se planteó de nuevo la cuestión en el caso de *New Córsica Centrale* v. *Gallardo,* supra, y dijimos a la pág. 674:

". . . La Corte de Circuito de Apelaciones de Boston revocó la decisión en *Porto Rico Coal Co.,* supra, y necesariamente resolvió que los referidos certificados debían considerarse como créditos. Aquella corte, además revisó nuestra jurisprudencia anterior en *Union Central Life Ins. Co.* v. *Gromer,* en *Fajardo Sugar Co.* v. *Tesorero,* supra, y la confirmación de la última de estas decisiones por la Corte de Circuito y resolvió, en efecto, que esas decisiones anteriores eran ya derecho establecido. . . ."

Por último, en el caso de *Cortada* v. *Municipio. de Ponce,* supra, después de hacerse una historia de la legislación con respecto a la cuestión planteada y una revisión completa de todos los casos resueltos anteriormente, se confirmó la sentencia que anuló una ordenanza municipal por la que se pretendió gravar todo capital representado por préstamos, pagarés y otros documentos negociables, por estar los mismos exentos de tributación por el artículo 290 del Código Político.

Todas estas decisiones constituyen derecho establecido, *stare decisis,* sobre la cuestión planteada y en cuanto a la petición del tesorero de que las revoquemos nos limitamos a repetir lo dicho por la Corte de Circuito en el caso de *P. R. Coal Co.* v. *Domenech:* "Si el estatuto, tal y como ha

sido interpretado por la Corte Suprema de Puerto Rico en los últimos casos citados, con la aprobación de esta Corte, no es satisfactorio al Pueblo de Puerto Rico, éste tiene una legislatura con autoridad para enmendarlo.''

*Debe confirmarse la resolución apelada.*

