JOSEPH D. BEERS, USE OF WILLIAM A. PLATENIUS, AS ADMINISTRATOR OF JAMES HOLFORD, DECEASED, PLAINTIFF IN ERROR, *v.* THE STATE OF ARKANSAS. WILLIAM A. PLATENIUS, ADMINISTRATOR OF JAMES HOLFORD, DECEASED, PLAINTIFF IN ERROR, *v.* THE STATE OF ARKANSAS. WILLIAM A. PLATENIUS, ADMINISTRATOR OF JAMES HOLFORD, DECEASED, PLAINTIFF IN ERROR, *v.* THE STATE OF ARKANSAS.

Under the Constitution of the State of Arkansas, the Legislature passed a law allowing the State to be sued.

According to this law, a suit was brought upon some of the State bonds; and whilst the suit was going on, the Legislature passed another law, requiring the bonds to be filed in court, or the suit to be dismissed.

The suitor refusing to file his bonds, the suit was dismissed; and the case was carried to the Supreme Court of the State, where the judgment was affirmed.

The case, being brought to this court under the twenty-fifth section of the judiciary act, must be dismissed for want of jurisdiction.

The permission to bring the suit was not a contract whose obligations were impaired by the passage of the subsequent law.

THESE three cases depended upon the same principle, and are therefore classed together. The report in the first-named case will apply to them all. It was a case which was brought up from the Supreme Court of the State of Arkansas, by a writ of error, issued under the twenty-fifth section of the judiciary act.

The case is stated in the opinion of the court.

It was argued by *Mr. Pike* for the plaintiff in error, and by *Mr. Hempstead* for the defendant.

Mr. Chief Justice TANEY delivered the opinion of the court.

This was an action of covenant, brought in the Circuit Court for Pulaski county, in the State of Arkansas, to recover the interest due on sundry bonds issued by the State, and which the State had failed to pay according to its contract.

The Constitution of the State provides, that "the General Assembly shall direct by law in what courts and in what manner suits may be commenced against the State." And in pursuance of this provision, a law was accordingly passed; and it is admitted that the present suit was brought in the proper court, and in the manner authorized by that law.

The suit was instituted in the Circuit Court on the 21st of November, 1854. And after it was brought, and while it was pending in the Circuit Court, the Legislature passed an act, which was approved on the 7th of December, 1854, which provided, "that in every case in which suits or any proceedings had been instituted to enforce the collection of any bond or bonds issued by the State, or the interest thereon, before any judgment or decree should be rendered, the bonds should be produced and filed in the office of the clerk, and not withdrawn until final determination of the suit or proceedings, and full payment of the bonds and all interest thereon; and might then be withdrawn, cancelled, and filed with the State treasurer, by order of the court, but not otherwise." And the act further provided, that in every case in which any such suit or proceeding had been or might be instituted, the court should, at the first term after the commencement of the suit or proceeding, whether at law or in equity, or whether by original or cross bill, require the original bond or bonds to be produced and filed; and if that were not done, and the bonds filed and left to remain filed, the court should, on the same day, dismiss the suit, proceeding, or cross bill.

Afterwards, on the 25th of June, 1855, the State appeared to the suit, by its attorney, and, without pleading to or answering the declaration of the plaintiff, moved the court to require him to file immediately in open court the bonds on which the

suit was brought, according to the act of Assembly above mentioned; and if the same were not filed, that the suit be dismissed.

Upon this motion, after argument by counsel, the court passed an order directing the plaintiff to produce and file in court, forthwith, the bonds mentioned and described in the declaration. But he refused to file them, and thereupon the court adjudged that the suit be dismissed, with costs.

This judgment was afterwards affirmed in the Supreme Court of the State, and this writ of error is brought upon the last-mentioned judgment.

The error assigned here is, that the act of December 7, 1854, impaired the obligations of the contracts between the State and the plaintiff in error, evidenced by and contained in each of the said bonds, and the endorsement thereon, and was therefore null and void, under the Constitution of the United States.

The objection taken to the validity of the act of Assembly cannot be maintained. It is an act to regulate the proceedings and limit the jurisdiction of its own courts in suits where the State is a party defendant, and nothing more.

It is an established principle of jurisprudence in all civilized nations that the sovereign cannot be sued in its own courts, or in any other, without its consent and permission; but it may, if it thinks proper, waive this privilege, and permit itself to be made a defendant in a suit by individuals, or by another State. And as this permission is altogether voluntary on the part of the sovereignty, it follows that it may prescribe the terms and conditions on which it consents to be sued, and the manner in which the suit shall be conducted, and may withdraw its consent whenever it may suppose that justice to the public requires it.

Arkansas, by its Constitution, so far waived the privilege of sovereignty as to authorize suits to be instituted against it in its own courts, and delegated to its General Assembly the power of directing in what courts, and in what manner, the suit might be commenced. And if the law of 1854 had been passed before the suit was instituted, we do not understand that any objection would have been made to it. The objection is, that it was passed after this suit was instituted, and contained regulations with which the plaintiff could not conveniently comply. But the prior law was not a contract. It was an ordinary act of legislation, prescribing the conditions upon which the State consented to waive the privilege of sovereignty. It contained no stipulation that these regulations should not be modified afterwards, if, upon experience, it was found that further provisions were necessary to protect the public interest; and

no such contract can be implied from the law, nor can this court inquire whether the law operated hardly or unjustly upon the parties whose suits were then pending. That was a question for the consideration of the Legislature. They might have repealed the prior law altogether, and put an end to the jurisdiction of their courts in suits against the State, if they had thought proper to do so, or prescribe new conditions upon which the suits might still be allowed to proceed. In exercising this latter power, the State violated no contract with the parties; it merely regulated the proceedings in its own courts, and limited the jurisdiction it had before conferred in suits when the State consented to be a party defendant.

Nor has the State court, in the judgment brought here for review, decided anything but a question of jurisdiction. It has given no decision in relation to the validity of the contract on which the suit is brought, nor the obligations it created, or the rights of parties under it. It has decided, merely, that it has no right under the laws of the State to try these questions, unless the bonds given by the State are filed. The plaintiff refused to file them pursuant to the order of the court, and the case was thereupon dismissed, for want of jurisdiction in the court to proceed further in the suit. There is evidently nothing in the decision, nor in the act of Assembly under which it was made, which in any degree impairs the obligation of the contract, and nothing which will authorize this court to reverse the judgment of the State court.

The writ of error must therefore be dismissed, for want of jurisdiction in this court.

The two cases of William A. Platenius, administrator of James Holford, against the State of Arkansas, in covenant, are the same in all respects with the one above decided, and must also, for the same reasons, be dismissed for want of jurisdiction.