## DANIEL LODOR v. BAKER, ARNOLD & CO.

1. A state cannot be sued in its own courts without its consent, and, therefore, money in the hands of the state's treasurer, due to a non-resident debtor, cannot be attached at the suit of a creditor.
2. No other property being attached, the writ is quashed.

In case.   Attachment.

Argued at June Term, 1876, before Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *G. A. Anderson.*

For the defendant, *F. Kingman.*

The opinion of the court was delivered by

·VAN SYCKEL, J.    The plaintiff caused an attachment to be issued against the defendants as non-resident debtors.    The only property attached is the sum of $1000 in the hands of the state treasurer, alleged to be due from the State of New Jersey to the defendants.    Motion is made to quash the writ, on the ground that such a claim is not attachable.

It is a matter of familiar history, that the states were unwilling to be arraigned as defendants before the federal courts, at the instance of private persons, and that after the case of Chisholm *v.* State of Georgia was decided, (2 *Dall.* 419), holding that a state was suable by a citizen of another state, the inexpediency of the power was so manifest, that an amendment was passed to the federal constitution, guaranteeing to the states immunity from prosecution by that class of suitors.

With regard to state courts, it requires no constitutional provision to shield the state from suits by its own citizens, or by the citizens of another state.    It enjoys this immunity as one of the essential attributes of sovereignty, it being an established principle of jurisprudence in all civilized nations, that the sovereign cannot be sued in its own courts without its consent.    *State* v. *Kirby*, 2 *South.* *835 ; *Beers* v. *Arkansas*, 20 *How.* 527 ; *Dillon on Mun. Corp.*, § 14.

New Jersey has never consented to surrender this prerogative right, and, therefore, if it can be shown that this proceeding will involve the garnishee in litigation, the attempt to interfere with funds in the treasurer's hands is unwarrantable.    If the creditor may lawfully attach money due the debtor, in the hands of the state's treasurer, so as to create any lien upon it by force of his writ, it must logically follow that he may resort to the means provided by the attachment act, to compel the garnishee to appropriate the money attached to the payment of his claim, otherwise it would be a nugatory and fruitless proceeding.

The law cannot be guilty of the inconsistency of inviting

the suitor to attach funds of this nature, and at the same time deny him every remedy to enforce his lien.

The right to attach must necessarily involve the right to compel the state to appear as party defendant at the suit of a private individual.

For this reason, it has been held, in this court, that salary due to a public officer, in the hands of the state treasurer, is not attachable, as appears by the opinion of Chief Justice Green, in *Shinn* v. *Zimmerman*, 3 *Zab.* 150.

This credit not being attachable, the plaintiff's writ has nothing to rest upon, and should therefore be quashed, with costs.