Argued June 6; reargued September 25; modified October 8, 1940

WOOD ET AL. *v.* SPRAGUE ET AL.
(106 P. (2d) 287)

*Sanderson Reed*, of Salem (I. H. Van Winkle, Attorney General, and John A. Beckwith, of Portland, on the brief), for appellants.

*Cecil H. Greene*, of Portland (Beach, Simon & Greene, of Portland, on the brief), for respondents-cross appellants.

*Francis T. Wade*, Assistant Attorney General, for intervenors-respondents.

LUSK, J.   This is an action by heirs against the state land board to recover moneys alleged to have escheated to the state.

The state board of control intervened and set up its claim to have paid to it from the fund the reasonable unpaid cost to the state of the care and maintenance of the deceased while a ward of the Oregon state hospital and while a ward of the Eastern Oregon state hospital. General Laws of Oregon 1937, Ch. 217.

A jury trial on the main issue of fact, that is whether the plaintiffs were the lawful heirs of the deceased and hence entitled to the fund, resulted in a verdict in their favor. Pursuant to stipulation of the parties the claim of the board of control was reserved by the circuit court as a question of law, and was determined in favor of the board, and thereafter findings of fact, conclusions of law, and a judgment were entered in its favor in the amount of its claim and in favor of the plaintiffs in the amount of the remainder of the fund.

The defendant, state land board, has appealed from the judgment in its entirety. The plaintiffs have cross-appealed from that portion of the judgment in favor of the state board of control.

No bill of exceptions has been brought to this court, and we have before us only the pleadings, including a demurrer to the plaintiffs' amended complaint, the verdict, findings of fact, and conclusions of law and judgment.

■ The defendant and appellant, state land board, has in its brief, included no assignments of error as required by the rules of this court, and we would be justified in ignoring the contentions made except for the fact that in our opinion there is error manifest on the face of the record and going to the jurisdiction of the circuit court.

The decedent, whose estate is sought to be recovered, was an inmate of the Eastern Oregon state hos-

pital, where he died intestate in 1927 leaving a sum of money on deposit in a bank in Seattle, Washington. This estate was administered upon by some unidentified court in King county, Washington, which determined that the deceased died without heirs. Upon closing the estate, the Washington administrator sent the moneys remaining in his hands to the state treasurer of Oregon, who credited them to the common school fund as escheated moneys. There was also a small sum—$12.23—belonging to the deceased, in the possession of the officials of the Eastern Oregon state hospital, which they turned over to the state treasurer, and which was likewise credited to the common school fund.

We leave for later consideration this sum of $12.23. What is now said relates only to the Washington fund.

■ This is an action against the state: *Engle v. State Land Board*, 164 Or. 109, 99 P. (2d) 1018; *Young v. State*, 36 Or. 417, 424, 59 P. 812, 60 P. 711, 47 L. R. A. 548; *State Land Board v. Lee*, 84 Or. 431, 165 P. 372; and the state has not consented to be sued for the recovery of moneys which have come into the hands of the state treasurer in the circumstances disclosed by the amended complaint.

■ The legislative consent to sue the state to recover escheated property is found in Ch. 217, Oregon Laws 1937, which is an amendment of § 11-1213, Oregon Code Supp. 1935. The first sentence of the statute reads:

"Within 10 years after judgment in any proceeding in the circuit court escheating real property to the state of Oregon, or after the order of the county court directing the conveyance of escheated real property to the state, and in all other cases within 10 years after payment of the proceeds of escheated personal property to the state treasurer, a person not a party or privy

to such proceeding, nor having actual knowledge of the making of such judgment or order or of such payment to the state treasurer, may file a verified petition in the circuit court of the county where such information was filed, showing his claim or right to the property escheated or the proceeds thereof.''

By command of the statute the petition therein referred to must state ''that the petitioner lawfully is entitled to such property or proceeds, briefly describing the same; that at the time said property escheated to the state the petitioner had no knowledge or notice thereof; that said petitioner claims said property or proceeds as the heir or next of kin, setting forth the relationship of the decedent, who, at the time of his death, was the owner of same, and that 10 years have not elapsed since the making of the judgment or order escheating said property to the state, or since the payment of the proceeds of the escheated estate by the administrator thereof to the state treasurer pursuant to the order of the county court.'' There is a further provision which authorizes the state land board, in case the amount or value of the escheated property does not exceed $250, to pay the claim of one filing a like petition upon proof satisfactory to the state land board. When a claim is so paid ''the board shall file with the county clerk of the county in which said estate was probated one copy of said petition, with indorsement thereon, showing the probate file number, if known, and the amount paid.''

The ''information'', the ''judgment or order escheating said property to the state'', the ''order of the county court'', referred to in the foregoing statute, are all steps in the procedure prescribed by the legislature for escheating property to this state, or for

securing the title and possession of escheated property. It is provided that when any person shall die intestate without heirs, leaving property in this state, "the same shall escheat to and become the property of this state, and the clear proceeds derived therefrom shall be paid into and become a part of the common school fund of this state * * *." The county court is authorized to determine that there are no legal heirs to the estate, and, if it so decrees, "said court shall order the administrator of said estate to serve upon the said state land board a true copy of the order of court directing that said funds shall escheat, together with a copy of the final account in said estate", and after approval of the final account "said administrator immediately shall pay over to said state treasurer all of such proceeds." § 11-1201, Oregon Code Supp. 1935. An appropriate proceeding may be brought by the state, through the district attorney, to recover the possession of property which has escheated to the state, but which has not been delivered to it, or the title to which has not vested in the state. § 11-1203, Oregon Code 1930. The state land board may direct the district attorney to file an information for the purpose of establishing that property has escheated to the state, and in such a proceeding judgment may be entered in the circuit court escheating an estate to the state of Oregon, the county court in such event being ousted of jurisdiction to determine the question of heirship or right of claimants to the estate, though retaining jurisdiction to settle the claims of creditors and determine the expense of administering the estate; and the county court is required to certify its adjudication of these matters to the circuit court where the escheat proceeding is pending. §§ 11-1205, 11-1206, ib.

It is not thinkable that, in enacting Ch. 217, Oregon Laws 1937, with its provisions as to the contents of a petition for the recovery of escheated property, the legislature had in mind a judgment or order of a court of another state escheating property to this state, or an order of the county court of another state for the payment of the proceeds of an escheated estate by the administrator thereof to the state treasurer of Oregon. Nor is it conceivable that a court of another state could, or would attempt to, enter a judgment or order escheating property to this state.

This is a case, therefore, in which facts which condition the right to the relief sought do not exist. The petition does not and could not have truthfully alleged these facts.

The statute, moreover, requires that the action be brought "in the circuit court of the county where such information was filed". In view of the later provisions, to which attention has been called, stating what the petition must contain, the word "information" may properly be construed to include any of the statutory proceedings for escheating property; but the language cannot be ignored, and it re-enforces the view that the legislature had in mind only an action by heirs to recover property which, in one or the other of those modes, had been adjudged escheat and had come into the hands of the state treasurer pursuant to an order or judgment in such a proceeding.

■ It is urged that the language in the first sentence of Ch. 217, Oregon Laws 1937, "and in all other cases within 10 years after the payment of the proceeds of escheated personal property to the state treasurer", is broad enough to bring this case within the purview of the statute. The argument overlooks the fact that

escheats in this state are purely statutory and that the statute contains no provision for the escheat of personal property of a decedent administered upon by the courts of another state and as to which no judicial proceedings of any kind have been taken in this state. It ignores the subsequent requirement of Ch. 217 that the petition shall state that 10 years have not elapsed "since the payment of the proceeds of the escheated estate by the administrator thereof to the state treasurer pursuant to the order of the county court." The words "escheated personal property" can refer only to property which has escheated pursuant to the statutes of this state. There are other provisions, to which reference will presently be made, for the escheat of certain specifically defined personal property without an order of the county court for its payment to the state treasurer or other judicial proceedings, but, as will appear, they have no application to the Washington fund.

Apart from those other special provisions, the only moneys authorized to be paid into the common school fund upon an escheat of property are "the clear proceeds derived therefrom". § 11-1201, Oregon Code Supp. 1935. Without undertaking to give here a precise definition of "clear proceeds", it is manifest that the expenses of administration and claims of creditors must first be deducted before the moneys are turned over to the state. That much indeed is expressly provided for by the statute. §§ 11-1204, 11-1206, 11-1209, Oregon Code 1930. What these claims and expenses are obviously must be determined in the courts of this state. There has been no such determination respecting the fund now under consideration; there is no way for either the court or the state land board to know that

it does in fact represent only the clear proceeds of escheated property; it may perchance be subject to the claims of Oregon creditors who have been given no notice or opportunity under the statutes of this state to present their claims and have them adjudicated; it is, in short, not such a fund as the legislature had in mind when it adopted these provisions for the escheat of the property of decedents and its recovery by heirs.

This court has recently held that the title to property of a person who dies without heirs vests in the state immediately upon the death of the owner. *In re Ohlsen's Estate*, 158 Or. 197, 75 P. (2d) 6. The opinion cites, among other authorities, *In re Melrose Avenue*, 234 N. Y. 48, 136 N. E. 235, 23 A. L. R. 1233, where Judge Cardozo, tracing the common law rules upon the subject, expressed the view that a judgment in inquest of office or other judicial proceeding to escheat property "does not create the title which it registers."

■ It is said, however, that if there is an heir there can be no legal escheat and the state in such case acquires no title. *Northwestern Clearance Company v. Jennings*, 106 Or. 291, 209 P. 875, 210 P. 884; 10 R. C. L., Escheat, 617, § 15; 19 Am. Jur., Escheat, 413, § 52. That is no doubt a logical truth, but, viewed in the light of the legislative conception of escheat, as revealed in the statutes of this and other states, it becomes a mere abstraction, because those statutes provide at one and the same time for the escheat of property through judicial proceedings and for its recovery by heirs who appear and file a petition within the time which the legislature has fixed. The word escheat in such case, though it may involve a seeming contradiction, is a convenient and appropriate one for expressing the action of the state in asserting its title to and reducing

to its possession property of one who dies without *known* heirs; and the title of the state is then subject to be divested if there are, in fact, heirs who later make themselves known. See 19 Am. Jur., Escheat, 382, § 4, 413, § 52.

In whatever way the matter may be viewed, there has been no escheat of the Washington fund. By hypothesis the plaintiffs are heirs of the deceased. There have been no judicial proceedings in this state of any character to effect a statutory escheat. No proceedings in another state could accomplish that result.

This court in the recent case of *Engle v. State Land Board*, supra, had occasion to construe Ch. 217, Oregon Laws 1937. It was held, in an opinion by Mr. Justice KELLY, that the personal representative of a deceased heir or next of kin was not granted the right to sue under this section. It was said that the law granting such a right "should be given a strict construction because it is in derogation of the state's sovereignty", and, citing 59 C. J., States, 304, § 401, that any terms or conditions imposed by the state "apparently are jurisdictional facts and must be fully complied with", and that the suit cannot be maintained unless it is "founded on a cause of action, or the type of case with reference to which suit has been authorized; unless all prescribed conditions precedent have been fully performed; and then only in the manner, as well as in the place, and courts designated". And since the petition is required by the statute to contain allegations which could not be made by the personal representative of a deceased heir or next of kin, it was concluded that the case was not instituted by anyone among the class of persons to whom the state's consent to be sued has been granted, nor was it a type of case with reference

to which suit had been authorized. The latter is true of this case.

It is not necessary, and we do not attempt, to determine the status of this fund. It might be characterized as an orphan. But, if the plaintiffs are in fact the lawful heirs of the deceased, as a jury determined, they are entitled to this money subject to any lawful claims of the state board of control and all other proper charges. Under existing statutory provisions, however, the courts are powerless to aid them, and their relief must be sought at the hands of the legislature.

The small sum of money belonging to the deceased, which was in the possession of the Eastern Oregon state hospital and turned over by that institution to the state treasurer, is governed by other considerations. By § 11-1218, Oregon Code 1930, it is provided that money and other personal property taken charge of by the officials of any of the state institutions "belonging to patients or inmates committed to any of said institutions and who die inmates thereof * * * shall escheat to and become the property of the state of Oregon for the benefit of the common school fund, and without other or further proceeding shall be paid or turned over by such officials to the state treasurer, who shall issue therefor receipts in duplicate, one of which receipts shall be filed in the office of the secretary of state". Where the amount is greater than $50 provision is made for publishing a notice of such escheated property in a newspaper. It has not been suggested that this statute is unconstitutional.

By § 11-1220 it is provided that money or other property which has escheated to the state pursuant to the provisions of § 11-1218 may be reclaimed by heirs of the personal representative or owner "at any time

within ten years after such escheat, *in the same manner as property belonging to estates of deceased persons which have escheated to the state.*" It is at once obvious that all the requirements of Ch. 217, Oregon Laws 1937, to which the italicized language obviously refers, cannot be complied with in a proceeding to recover money or property which has escheated under § 11-1218. The petition, for example, could not state that "10 years have not elapsed since the making of the judgment or order escheating said property to the state" since there would have been no such judgment or order, but in view of the unmistakable legislative intention to grant a remedy to the heirs in these circumstances, we deem it proper to construe the language in question to mean that the requirements of Ch. 217, Oregon Laws 1937, shall be followed in so far as they may be applicable. The provision in that chapter that the petition must be filed "in the circuit court of the county where such information was filed" is likewise inapplicable to a proceeding to recover moneys escheated under § 11-1218, but, as no question of venue has been raised, we refrain from expressing an opinion as to the proper place of trial of such an action.

■■ We think, therefore, that the moneys left by the decedent in the possession of the officials of the Eastern Oregon state hospital escheated to the state and that the plaintiffs, under the verdict of the jury, are entitled to it unless the claim of the state board of control is to be sustained. The claim is founded upon the following provisions of Ch. 217, Oregon Laws 1937:

"If the person whose property or funds escheated or reverted to the state was at any time an inmate of a state institution in Oregon for the insane or feebleminded, the reasonable unpaid cost, as determined by

the Oregon state board of control, of the care and maintenance of said person while a ward of such institution, regardless of when said cost was incurred, may be deducted from, or, if necessary, be offset in full against, the amount of said escheated property or funds * * *"

The plaintiffs assert that this statute, if applied to them, is unconstitutional because it was not enacted until 1937, whereas the decedent died in 1927, at which time there was no legal obligation on the part of a ward of the Eastern Oregon state hospital to pay for his care and maintenance. It is argued that upon the death of their ancestor the heirs succeeded to a vested right in his estate of which they cannot be deprived by subsequent legislation, and counsel cite as authority for this position, among other cases, *McLeod's Estate*, 159 Or. 687, 82 P. (2d) 884, in which we held that the right to personal property vested in the next of kin immediately upon the death of the ancestor and was not divested by the death of such next of kin before the completion of the administration and distribution of the assets. But that case is clearly without application because it did not deal with any such question as is here presented. What plaintiffs are really contending for is a vested right in the legislative consent of the sovereign to be sued. But that consent is of grace, and the same power which granted it can prescribe such conditions to its exercise as it sees fit or can wholly withdraw it. *Engle v. State Land Board*, supra; *Beers v. Arkansas*, 20 How. 527, 15 L. Ed. 991; 59 C. J., States, 306, § 462; 25 R. C. L., States, 416, § 52. Hence, we find no merit in the suggestion of unconstitutionality.

■ For the reasons hereinabove given, we conclude that the circuit court was without jurisdiction to adju-

dicate the claim with respect to the fund which came into the state treasurer's hands from the Washington administrator, but that that court had jurisdiction to determine the rights of the parties with respect to the moneys left by the decedent in the possession of the officials of the Eastern Oregon state hospital, and that the state board of control, under the statute, is entitled to have such moneys paid over to it.

The judgment of the circuit court in favor of the plaintiffs is reversed; that in favor of the state board of control is modified, and judgment entered here for the sum of $12.23, under the authority of Art. VII, § 3, of the Constitution; and, in view of the unusual circumstances and the equitable considerations presented, none of the parties will be allowed costs or disbursements. *Stabler v. Melvin*, 89 Or. 226, 232, 173 P. 896; *Patterson v. Horsefly Irrigation District*, 157 Or. 1, 29, 69 P. (2d) 282, 70 P. (2d) 33.

ROSSMAN, KELLY and BAILEY, JJ., concur.

RAND, C. J. (dissenting). I am unable to concur in the reasoning or conclusion reached in this case. The defendants all admit, in their pleadings, that the decedent, Frank Logan, while an inmate of the Eastern Oregon state hospital, died intestate in Pendleton, Oregon, leaving approximately $2,400 on deposit in the Canadian Bank of Commerce in Seattle, King county, Washington, and also some $12.23 in the possession of the officers of said hospital. They further admit that his said estate was administered upon in King county and the court there found that the decedent had died intestate without leaving any known heirs and that, at the close of the administration, an order

was made directing the administrator to pay over to the state treasurer of Oregon, as escheat moneys, the residue of decedent's estate, amounting to $1,554.05; that, pursuant to said order, the said administrator paid said sum to the state treasurer and he deposited the same, together with the $12.23, in the common school fund of the state of Oregon as escheat moneys.

The defendants not only admit these facts but they also expressly admit that these moneys so paid over to the state treasurer are escheat moneys which are now on deposit in the common school fund of this state. Moreover, section 10-102, Oregon Code 1930, provides:

"When any person shall die possessed of any personal property or of any right to or interest therein, not having lawfully bequeathed the same, such personal property shall be applied and distributed as follows:
\* \* \*

■ If there be no husband, widow or kindred of the intestate, the whole of such residue shall escheat to the State of Oregon."

So far as disclosed, the decedent had no other moneys or property at the time of his death. Clearly, the decedent as much died possessed of the moneys on deposit in the Seattle bank as if, at the time, he had had these moneys in his actual possession or on his person in Pendleton, Oregon. It is also clear that, in the absence of known heirs, the moneys escheated to the state of Oregon for no one else was competent to take title to the same.

We think it is also clear that an estate of personal property, consisting of money deposited in a bank, like other personal things, follows the person of the owner and is governed by the law of the domicile of the owner and, hence, that, upon decedent's death, he being a

citizen of Oregon, these moneys escheated to the state of Oregon, as provided by the statute above quoted. See, also, 12 C. J., subject "Conflict of Laws", p. 470, sec. 64, et seq., and cases cited.

We are not dealing with real property located in another state which, upon the death intestate of the owner, would, in the absence of heirs, escheat to that state, but with personal property which, as stated, follows the person of the owner and is subject to the law of his domicile. But it is contended that, because of certain provisions contained in the escheat law of this state, the moneys could not escheat to the state of Oregon even though they were paid over to the state treasurer as escheat funds and were credited to the common school fund.

Section 11-1201, Oregon Code 1930, provides in part:

"When any person shall die intestate without heirs, leaving any real, personal or mixed property, interest or estate in this state, the same shall escheat to, and become the property of the state and clear proceeds derived therefrom shall be paid into and become a part of the common school fund of this state and be loaned, as provided by law, by the State Land Board."

Following this, the statute directs:

"* * * The county court before whom any probate matter is pending shall determine whether there are any legal heirs to said estate, and if it be determined by said court that there are no legal heirs thereto, said court shall order the administrator of said estate to transmit the clear proceeds thereof to the state treasurer of the state of Oregon, and said administrator shall immediately pay over to said state treasurer, all of such proceeds, and said treasurer shall credit the same to the common school fund as other moneys received from escheats."

There is no provision in the above statute which requires that the money paid over to the state treasurer as escheat funds shall not constitute an escheat merely because the administration has been had in another state. It can make no difference to the state of Oregon or to the parties in this proceeding whether this estate was administered in Washington or Oregon, since it is admitted that it was administered upon and the residue remaining was ordered to be paid over and has been paid over to the state treasurer as escheat funds. In the instant case, by its verdict, the jury found that the plaintiffs are the heirs of the decedent and are entitled to recover these moneys. The record also shows that the action was brought within the time limited by the Code. Hence, plaintiffs ought not to be deprived of that right merely because the moneys were on deposit in another state and were there administered upon.

It is contended, however, that because of the provisions of section 11-1213, Oregon Code 1930, as amended by chapter 217, L. 1937, this personal property could not escheat to the state of Oregon. The first sentence contained in section 11-1213, as amended, seems to be the basis of this contention. It reads:

"*Within 10 years after judgment in any proceeding in the circuit court escheating real property to the state of Oregon, or after the order of the county court directing the conveyance of escheated real property to the state,* and in all other cases within 10 years after payment of the proceeds of escheated personal property to the state treasurer, a person not a party or privy to such proceeding, nor having actual knowledge of the making of such judgment or order or of such payment to the state treasurer, may file a verified petition in the circuit court of the county where such information was filed, showing his claim or right to the property escheated or the proceeds thereof." Italics ours.

The property not being real property, there could have been no judgment escheating it to the state or directing a conveyance thereof to the state. Hence, so far as this statute is applicable here, it should be read beginning with the words:

"and in all other cases within 10 years after payment of the proceeds of escheated personal property to the state treasurer, etc."

The last clause in the sentence providing that the person seeking to recover the funds "may file a verified petition in the circuit court of the county where such information was filed", has no application here, because no information was filed. The section of the statute which authorizes the filing of an information in escheat cases where escheat funds are not in the hands of a bank is section 11-1205, which provides in part:

"At any time after the death of such person and whenever the State Land Board is informed or has reason to believe that any such property has escheated to the state *and has not been delivered to or the title vested in the state*, the board shall direct the district attorney of the judicial district in which such property may be to file an information on behalf of the state, etc." Italics ours.

It is admitted that the moneys in controversy here were delivered to the state treasurer and were by him deposited in and credited to the common school fund. There was, therefore, no necessity or reason to file an information and no information could have been or was filed. Hence, the provision that the persons seeking to recover the funds "may file a verified petition in the circuit court of the county where such information was filed", does not apply in the instant case.

Besides, I think those provisions were directory and not mandatory and have nothing to do with the rights of the plaintiffs to recover in this action.

Under the present holding, if a citizen of Oregon dies intestate without heirs, leaving personal property in other states, none of such property, unless it is administered upon in Oregon, will escheat to this state. Such a ruling may result in great detriment to the common school fund.

It has been the legislative policy of this state since October 17, 1862, to provide for the recovery by the heirs of a decedent of escheated property under circumstances similar to those alleged and proved in this case, and I think that any construction which deprives these plaintiffs of the right to recover in this action defeats the very purpose and object of the law and ought not to be adopted.

For these reasons, I dissent to all except in respect to the ruling as to the $12.23.

BELT, J., concurs in this dissent.