THE MAYAGÜEZ LIGHT, POWER & ICE COMPANY, INC., Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Intervener.

No. 101. Argued December 11, 1947.—Decided March 31, 1948.

*J. Alemañy Sosa* for the petitioner. *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Assistant Attorney General,* for intervener, respondent in the main proceeding. *James R. Beverley, R. Castro Fernández,* and *Carmen B. Fernández,* as *amici curiae.*

Mr. Justice De Jesús delivered the opinion of the Court.

During the fiscal years 1935–36 to 1943–44 the Treasurer of Puerto Rico imposed on and collected from the petitioner a property tax on money which it had deposited in banking institutions in Puerto Rico in the following amounts:

1935–36, $34.20; 1936–37, $104.85; 1937–38, $101.25; 1938–39, $102.60; 1939–40, $2.25; 1940–41, $169.64; 1941–42, $191.62 and 1943–44, $67.74.[1]

Relying on *Buscaglia, Treas.* v. *Tax Court,* 65 P.R.R. 111,[2] petitioner, on October 19, 1945, petitioned the Treasurer to refund the aforesaid amounts pursuant to the Act providing

---

[1] The amount in cash on which the tax was collected corresponding to 1943–44, is described in the complaint as ''cash on hand''. Taxpayer maintains, however, that this was an error committed in drawing the complaint and that the money was in the bank.

[2] It was held in this case that money deposited in a checking account in a bank is not subject to property tax.

for the refund of taxes improperly collected, approved February 12, 1904 (page 182), § 1 of which originally provided:

"Whenever it is found, either upon the application of any taxpayer satisfactory to the Treasurer of Porto Rico, or by the auditor or treasurer upon the revision and correction of the tax receipts, that any moneys have been been collected by the Treasurer of Porto Rico improperly, or in excess of the proper amount, upon the approval of the Governor,[3] the Auditor of Puerto Rico is hereby authorized to issue a settlement warrant in favor of the taxpayer for the amount of such excess of the amount improperly paid."

On January 30, 1946 the Treasurer notified the petitioner of his decision refusing to refund the money. Until Act No. 169 of May 15, 1943 became effective, the decisions of the Treasurer refusing to refund taxes paid voluntarily were not judicially reviewable. But under § 3 of this Act, which created the Tax Court, jurisdiction was vested in that Court to review decisions of the Treasurer refusing to refund any tax improperly paid, or paid in excess or otherwise unlawfully collected.

Relying on Act No. 169 of 1943, on February 25, 1946 the taxpayer filed a petition in the Tax Court to review the decisions of the Treasurer. While the case was pending in that Court, Act No. 261 of April 3, 1946 (page 540) amended § 1 of the Act of 1904 copied above, to read as follows:

"Whenever it is found, either upon the application of a taxpayer to the satisfaction of the Treasurer, or upon investigation by the Auditor or Treasurer upon making the revision and correction of the tax receipts, that any moneys have been collected by the Treasurer of Puerto Rico improperly, or in excess of the proper amount, the Auditor is hereby authorized to issue, with the approval of the Treasurer, a settlement warrant in favor of the taxpayer for the amount of such excess or the amount improperly paid; *Provided,* That repayment of taxes improperly collected, or in excess of the proper amount, shall not be granted after four (4) years have

---

[3] The words "upon the approval of the Governor" were eliminated from § 1 by Act No. 10 of March 29, 1945 (p. 32).

elapsed since *the payment* of said taxes, unless before the expiration of the said four (4) years, the taxpayer requests in writing from the Treasurer the repayment thereof.'' (Italics ours.)

Based on § 1 of the Act of 1904, as amended, the Tax Court decided:

"ORDER.—San Juan, Puerto Rico, July 26, 1946.—For the reasons stated in the foregoing opinion we hold that the respondent should only refund to the petitioner the property tax paid on November 5, 1941 on money deposited in banks for the year 1940–41 and the total amount paid for said purpose for the year 1941–42, dismissing the complaint as to other relief prayed for.—It was so ordered by the Court as witness the signature of the President.—(Signed) Juan A. Faría.—President.—Attest: (Signed) María Negrón Muñoz.—Acting Clerk."

To review that decision, at petitioner's behest, we issued this writ of certiorari.

■ Although the Act of 1904 authorized the refund of any tax which in the opinion of the Treasurer had been improperly collected or paid in excess of the proper amount, no judicial remedy was granted therein to review the decision of the Treasurer refusing to make the refund. It was by Act No. 169 of 1943 that this remedy was afforded. *The Coca Cola Co.* v. *Tax Court*, 65 P.R.R. 142; *Royal Bank* v. *Tax Court*, 65 P.R.R. 324; and *Gerardino* v. *Tax Court, ante,* p. 206. But the Act of 1943 fixed no period of limitations to sue for recovery of the refund. It was Act No. 261 of 1946 which, for the first time, provided that no refund shall be allowed after more than four years had elapsed since payment of the tax, unless before the expiration of those four years the taxpayer petitioned in writing for refund.

■■ The principal question for decision is whether the Tax Court erred in applying the prescriptive term of four years to this case.

It is a well-settled rule that the sovereign can not be sued

without its consent. Since consent to be sued is a privilege granted by the state, it may impose the conditions which it deems convenient and withdraw or limit that consent whenever it deems it advisable. *Stone* v. *McKay Plumbing Co.,* 26 So. (2d) 349 (Miss. 1946); *Great Northern Ins. Co.* v. *Read,* 322 U.S. 47; *Wood* v. *Sprague,* 106 P. (2d) 287 (Ore. 1940); *Oliver American T. Co.* v. *Government of the U. S. of Mexico,* 5 F. (2d) 659 (C.C.A. 2d 1924) and 20 How. 527, (U.S. 1857).

It is true that when the taxpayer filed its petition in the Tax Court, Act No. 261 of 1946 establishing the prescription term had not yet been enacted, but when that court decided the case that law was in force and it was its duty to apply it. *Stone* v. *McKay Plumbing Co., supra; Great Northern Ins. Co.* v. *Read, supra; Wood* v. *Sprague, supra; Oliver American T. Co.* v. *Government of the U. S. of Mexico, supra,* and 20 How. 527, *supra.*

*Stone* v. *McKay Plumbing, Co., supra,* is very similar to the instant case. It involved a suit for the refund of taxes improperly paid. On December 4, 1945 the Circuit Court rendered judgment for plaintiffs pursuant to the statute in force. The Tax Commissioner took an appeal. While the appeal was pending, the Legislature amended the statute so that plaintiff could only recover the tax paid within the three years prior to the filing of the complaint and, as to the payments not included within said term, plaintiffs had to allege and prove that they alone really paid the tax and did not collect it from their customers. The question to be decided, according to the Supreme Court, was therefore the effect of the amendatory act on the judgment rendered for plaintiffs. After setting forth the general rule that no right of action exists against the state except as allowed and prescribed by the statute, the Court said:

"Moreover, the effect of the rule is that it applies not only to actions already instituted, but also to any judgment rendered by

the trial court under the old statute, but which judgment is covered by an appeal pending at the time of the repealing or amendatory enactment, it being the duty of the appellate court to decide the case according to the law at the time when the matter is acted on by that court rather than on the law theretofore existing."

Consequently, the Tax Court did not err in limiting its decision to the refund of the taxes improperly paid during the four years preceding October 19, 1945, on which date refund was sought.

■■ We turn now to the question of whether the tax amounting to $67.74 corresponding to the fiscal year 1943–44 was levied on an amount deposited in a checking account in a bank. The suit for refund in the case at bar is predicated on the fact that the taxes collected for 1935–36 to 1943–44 were levied on amounts deposited in a checking account in banking institutions of Puerto Rico. Consistent with this theory, paragraph two of the complaint reads:

"SECOND:—That during the fiscal years 1935–36 to 1943–44, respondent imposed on the taxpayer and demanded payment of the following property tax on the money that petitioner *had deposited in a checking account in banking institutions of Puerto Rico.*

" *     *     *     *     *     *     *

"1943–44

"Cash on hand_____ $2, 256. 13

"Tax levied _____ 67. 74

"Receipt No. 669 of Mayagüez, paid on February 23, 1944." (Italics ours.)

Undoubtedly, if the amount of $2,256.13, on which tax of $67.74 was levied was "cash on hand", as stated in the aforesaid paragraph, the petitioner would not have included it in its complaint, for there would have been no basis for such averment. Furthermore, in the same paragraph it is alleged that the taxes claimed for the years 1935–46 to 1943–44 were levied "on money that petitioner *had deposited* in checking accounts in banking institutions of Puerto Rico." The

amount of $2,256.13 could not at the same time be physically in both petitioner's hands and in a checking account in a bank.

Section 4 of Act No. 169 of 1943, amended by Act No. 137 of May 9, 1945, provides that all the proceedings before the Tax Court, in the absence of rules promulgated by said Court, shall be governed by the Rules of Civil Procedure. And Rule 8(*f*) provides that all pleadings shall be so construed as to do substantial justice. Reasonable construction of the averments of the complaint so as to do substantial justice, demonstrates that reference to said amount as "cash on hand" was a *lapsus* in drawing the complaint.

Therefore, the decision appealed from must be modified by adding the sum of $67.74 to the amount granted to the petitioner by the Tax Court. As thus modified, it is affirmed.

