THE MAYAGÜEZ LIGHT, POWER & ICE COMPANY, INC., peticionaria, *v.* TRIBUNAL DE CONTRIBUCIONES DE PUERTO RICO, demandado; RAFAEL BUSCAGLIA, TESORERO DE PUERTO RICO, interventor.

Núm. 101.—*Sometido:* Diciembre 11, 1947. *Resuelto:* Marzo 31, 1948.

*J. Alemañy Sosa*, abogado de la peticionaria; *Hon. Procurador General Luis Negrón Fernández, y J. Rivera Barreras, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal; *James R. Beverley, R. Castro Fernández y Carmen B. Fernández,* como *amici curiae.*

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Durante los años fiscales 1935–36 al 1943–44, el Tesorero de Puerto Rico impuso y cobró a la peticionaria contribución sobre la propiedad por concepto de dinero que ésta tenía depositado en los bancos de Puerto Rico en las siguientes cantidades:

1935–36, $34.20; 1936–37, $104.85; 1937–38, $101.25; 1938–39, $102.60; 1939–40, $2.25; 1940–41, $169.64; 1941–42, $191.62 y 1943–44, $67.74.[1]

---

[1]La cantidad en efectivo sobre la cual se cobró la contribución correspondiente al 1943–44, se describe en la querella como ''efectivo en caja''. Sostiene, sin embargo, la contribuyente, que fué un error al redactar la querella ante el Tribunal de Contribuciones y que dicho dinero se hallaba en el banco.

Invocando el caso de *Buscaglia, Tes.* v. *Tribunal de Contribuciones,* 65 D.P.R. 120,(²) el 19 de octubre de 1945 la peticionaria solicitó del Tesorero el reintegro de las cantidades antes mencionadas, fundándose en la Ley disponiendo el reintegro de cantidades cobradas indebidamente por concepto de contribuciones, aprobada el 12 de febrero de 1904 (pág. 167) cuya sección 1 originalmente disponía:

"Siempre que resultare, ya fuere a solicitud hecha por un contribuyente a satisfacción del Tesorero, o bien por investigación practicada por el Tesorero o por el Auditor, al hacer la revisión y corrección de los recibos de contribuciones, que se han cobrado cantidades de dinero por el Tesorero de Puerto Rico indebidamente o en exceso de la cantidad debida, el Auditor queda autorizado, mediante la aprobación del Gobernador,(³) para librar una orden de pago a favor del contribuyente por la cantidad de dicho exceso o por la cantidad que se hubiere pagado indebidamente."

El 30 de enero de 1946 el Tesorero notificó a la peticionaria su decisión denegatoria del reintegro. Hasta que entró en vigor la Ley núm. 169 de 15 de mayo de 1943 (pág. 601), las resoluciones del Tesorero denegando una solicitud de reintegro de contribuciones pagadas voluntariamente no eran revisables judicialmente. Pero esa Ley, al crear el Tribunal de Contribuciones, en su sección 3 le confirió jurisdicción para revisar las denegatorias de reintegro de cualquier contribución pagada indebidamente o en exceso o cobrada ilegalmente por cualquier otra causa.

Amparándose en la Ley núm. 169 de 1943 la peticionaria con fecha 25 de febrero de 1946, recurrió de la decisión del Tesorero para ante el Tribunal de Contribuciones. Estando el caso pendiente ante aquel Tribunal, la Ley núm. 261 de 3 de abril de 1946 (pág. 541) enmendó la sección 1 de la Ley de 1904 antes transcrita en la siguiente forma:

---

(²)En este caso se resolvió que dinero depositado en cuenta corriente en un banco no está sujeto a contribución sobre la propiedad.

(³)Por la Ley núm. 10 de 29 de marzo de 1945 (pág. 33), se eliminaron de la sección 1 las palabras "mediante la aprobación del Gobernador".

"Siempre que resultare, ya fuere a solicitud hecha por un contribuyente a satisfacción del Tesorero, o bien por investigación practicada por el Tesorero o por el Auditor al hacer la revisión y corrección de los recibos de contribuciones, que se han cobrado cantidades de dinero por el Tesorero de Puerto Rico indebidamente o en exceso de la cantidad debida, el Auditor queda autorizado, con la aprobación del Tesorero, para librar una orden de pago a favor del contribuyente por la cantidad de dicho exceso o por la cantidad que se hubiere pagado indebidamente; *Disponiéndose,* que no se concederá el reintegro de contribuciones pagadas indebidamente o en exceso de la cantidad debida después de transcurridos cuatro (4) años *del pago* de la referida contribución, a menos que antes de vencidos dichos cuatro (4) años, el contribuyente solicitare del Tesorero, por escrito, el reintegro de dichas contribuciones." (Segundas bastardillas nuestras.)

Basándose en la sección 1 de la Ley de 1904 así enmendada, el Tribunal de Contribuciones resolvió:

"RESOLUCIÓN.—San Juan, Puerto Rico, 26 de julio de 1946.— Por los razonamientos expuestos en la opinión que antecede resolvemos que el querellado debe reembolsar a la recurrente únicamente las contribuciones sobre la propiedad que sobre dinero depositado en bancos pagara en noviembre 5 de 1941, correspondientes al ejercicio 1940-41 y la totalidad de lo pagado en tal concepto para el ejercicio 1941-42, declarándose sin lugar la querella en todos sus demás extremos.—Lo acordó el Tribunal y firma el Señor Presidente.— (fdo.) Juan A. Faría.—Presidente.—Certifico: (fdo.) María Negrón Muñoz.—Secretaria Interina."

Para revisar esa decisión expedimos, a instancia de la peticionaria, este auto de *certiorari.*

██ Aunque la Ley de 1904 autorizaba el reintegro de cualquier contribución cuando a juicio del Tesorero había sido cobrada indebidamente o en exceso de la cantidad debida, no concedía remedio judicial para revisar la decisión del Tesorero denegando el reintegro. Fué la Ley núm. 169 de 1943 la que lo concedió. *The Coca Cola Co.* v. *Tribl. Contribuciones,* 65 D.P.R. 152; *Royal Bank* v. *Tribunal de Contribuciones,* 65 D.P.R. 345 y *Gerardino* v. *Tribunal Contribuciones,* ante, pág. 219. Pero la Ley de 1943 no señalaba

término de prescripción para reclamar judicialmente el reintegro. Fué la núm. 261 de 1946 la que, por primera vez, dispuso que no se concediera el reintegro después de transcurridos cuatro años del pago de la contribución, a menos que antes de vencidos dichos cuatro años, el contribuyente, por escrito, solicitare su reintegro.

■■ La cuestión primordial a resolver es si erró el Tribunal de Contribuciones al aplicar a este caso el período prescriptivo de cuatro años.

Es un principio legal bien establecido que el soberano no puede ser demandado sin su consentimiento. Siendo una gracia la que concede el soberano al permitir ser demandado, puede imponer las condiciones que estime convenientes y retirar o limitar el consentimiento cuando, a su juicio, deba hacerlo. *Stone* v. *McKay Plumbing Co.*, 26 So.2d 349 (Miss. 1946); *Great Northern Ins. Co.* v. *Read*, 322 U. S. 47; *Wood* v. *Sprague*, 106 P.2d 287 (Ore. 1940); *Oliver American T. Co.* v. *Government of the U. S. of Mexico*, 5 F.2d 659 (C.C.A. 2d. 1924) y 20 How. 527 (U. S. 1857).

Es verdad que cuando la peticionaria recurrió ante el Tribunal de Contribuciones todavía no existía la Ley núm. 261 de 1946 que estableció el término de prescripción, pero esa Ley estaba en vigor cuando el Tribunal resolvió el caso, y era su deber aplicarla. *Stone* v. *McKay Plumbing Co.*, supra; *Great Northern Ins. Co.* v. *Read*, supra; *Wood* v. *Sprague*, supra; *Oliver American T. Co.* v. *Government of The U. S. of Mexico*, supra y 20 How. 527, supra.

El caso de *Stone* v. *McKay Plumbing Co.*, supra, es muy similar al presente. Allí se trataba de una reclamación de contribuciones indebidamente pagadas. El 4 de diciembre de 1945 la Corte de Circuito dictó sentencia a favor de los demandantes de acuerdo con la ley entonces en vigor. Apeló el Comisionado de Contribuciones. Estando pendiente el recurso, la Legislatura enmendó la ley, de tal forma, que el demandante no podía recobrar, en cuanto a las contribu-

ciones pagadas, más de tres años antes de la fecha en que se instituyó el pleito y en cuanto a aquellos pagos no comprendidos en la limitación impuso la condición de que los demandantes tenían que alegar y probar que ellos fueron los que realmente pagaron la contribución y que no la habían cobrado a sus parroquianos. La cuestión a resolverse, según la planteó la Corte Suprema, fué el efecto que sobre la sentencia previamente dictada a favor de los demandantes, tenía la ley enmendatoria. Después de exponer la regla general de que no puede existir causa de acción contra un soberano excepto en la forma expresamente permitida y prescrita por el estatuto, la corte dijo:

"Además, el efecto de la regla es que la misma se aplica, no solamente a pleitos ya instituídos, sí que también a cualquier sentencia dictada por la corte de instancia, la cual estuviere en trámite de apelación en la fecha en que empezó a regir la ley derogatoria o enmendatoria, siendo el deber de la corte de apelación decidir el caso en armonía con la ley existente al dictar ella su sentencia y no de conformidad con la ley anterior."

Consecuentemente, no erró el Tribunal de Contribuciones al limitar su decisión al reintegro de las contribuciones indebidamente pagadas durante los cuatro años anteriores al 19 de octubre de 1945, fecha en que se solicitó el reintegro.

■■ Réstanos ahora determinar si la contribución montante a $67.50 correspondiente al año fiscal 1943–44 fué impuesta sobre una cantidad depositada en cuenta corriente en un banco. La reclamación del reintegro en el presente caso está predicada en que la contribución cobrada por los años 1935–36 al 1943–44 fué impuesta sobre cantidades depositadas en cuenta corriente en los bancos de Puerto Rico. Consecuente con esa teoría el párrafo segundo de la querella dice así:

"Segundo:—Que durante los años fiscales *1935–36 a 1943–44,* el querellado le impuso a la contribuyente y requirió a la misma del

pago de la siguiente contribución sobre la propiedad al dinero que la querellante *tenía depositado en cuentas corrientes en bancos en esta Isla de Puerto Rico:*

"

"1943–44

"Efectivo en caja_____ $2, 256. 13

"Contribución impuesta_____ 67. 74

"Recibo Núm. 669 de Mayagüez, pagado en febrero 23, 1944.'' (Bastardillas nuestras.)

Indudablemente que si la cantidad de $2,256.13 sobre la cual se impuso la contribución de $67.74 hubiera sido "efectivo en caja'' como se dice en el citado párrafo, la peticionaria no la hubiese incluído en su reclamación, pues no hubiera tenido fundamento legal para ello. Además, en el mismo párrafo segundo se dice que la contribución reclamada correspondiente a los años 1935–36 al 1943–44 fué impuesta "al dinero que la querellante *tenía depositado* en cuentas corrientes en bancos en esta Isla de Puerto Rico''. Esa cantidad de $2,256.13 no podía estar físicamente en la caja de la peticionaria y al mismo tiempo hallarse depositada en cuenta corriente en un banco.

La sección 4 de la Ley núm. 169 de 1943, enmendada por la Ley núm. 137 de 9 de mayo de 1945, dispone que todos los procedimientos ante el Tribunal de Contribuciones, en defecto de las Reglas promulgadas por dicho Tribunal, se regirán por las Reglas de Enjuiciamiento Civil. Y la núm. 8(*f*) de éstas prescribe que las alegaciones se interpretarán con el propósito de hacer justicia sustancial. Interpretando racionalmente las alegaciones de la querella con el propósito de hacer justicia sustancial, fácilmente se concluye que fué un *lapsus* en la redacción de la querella al describir la referida cantidad como "efectivo en caja''.

*Procede, pues, modificar la resolución recurrida adicionando a la cantidad concedida a la peticionaria por el Tribunal de Contribuciones, la referida suma de $67.74. Así modificada se confirma.*