# IN THE SUPREME COURT OF TEXAS

══════════

No. 16-0773

══════════

WALLACE L. HALL, JR., IN HIS OFFICIAL CAPACITY AS A REGENT FOR THE
UNIVERSITY OF TEXAS SYSTEM, PETITIONER,

v.

WILLIAM H. MCRAVEN, IN HIS OFFICIAL CAPACITY AS CHANCELLOR FOR THE
UNIVERSITY OF TEXAS SYSTEM, RESPONDENT

══════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

══════════════════════════════════════════════

JUSTICE BROWN, joined by JUSTICE GREEN, concurring.

I join the Court's opinion in full and without reservation. The Court correctly decides that sovereign immunity bars Regent Wallace Hall's claims against Chancellor William McRaven. And the Court so decides, not with passion or prejudice, but with a healthy reverence for the constitutional separation of powers that compels our decision. Sovereign immunity is "an established principle of jurisprudence in all civilized nations." *Beers v. Arkansas*, 61 U.S. 527, 529 (1857). Indeed, it is "inherent in the nature of sovereignty." THE FEDERALIST NO. 81 (Alexander Hamilton). And in our system of government, the people are the sovereign: "All political power is inherent in the people, and all free governments are founded on their authority, and instituted for their benefit." TEX. CONST., art. I, § 2. As Alexander Hamilton once said, "Here, sir, the people govern."

In Texas, "the people's will is expressed in the Constitution and laws of the State," and so "to waive immunity, consent to suit must ordinarily be found in a constitutional provision or legislative enactment." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 695 (Tex. 2003). We do not begrudge this balance of power. Rather, we respect it. Our role is to simply and carefully consider when the people have preserved their immunity and when they have waived it. It is not to publicly grouse when we are disappointed in the result we reach.

The Court holds today that Hall has not overcome sovereign immunity. Because that holding deprives this Court of jurisdiction to further consider the merits of Hall's claims, we do not weigh the parties' arguments on the merits. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012) ("We have said on numerous occasions that sovereign immunity deprives courts of subject-matter jurisdiction."). It is therefore incumbent upon us to show restraint in commenting on the underlying merits of Hall's claims.

That means it matters not whether our decision protects privacy or advances transparency. And we should never worry ourselves with which party's motives are purer or more virtuous. The question we face here is whether sovereign immunity bars the petitioner's claims. It does. Case over.

_____
Jeffrey V. Brown
Justice

OPINION DELIVERED:   January 27, 2017

2